DRISCOLL v. THE IND. SCHOOL DISTRICT OF COUNCIL BLUFFS.

1. **Practice:** TAKING CASE FROM JURY. Where the evidence introduced by plaintiff showed that defendant's board of directors appointed a committee to procure plans for a school-house, and that the committee called upon the plaintiff, an architect, and, after looking at some plans, selected one, and directed plaintiff to modify it in some particulars, which he did, *held* that the action of the committee bound the defendant to pay the reasonable value of plaintiff's time and labor bestowed on the plan selected; and evidence having been offered as to the value of such time and labor, it was error for the court to instruct the jury to find for the defendant. But such instruction was not erroneous as to another branch of the case as to which there was no evidence to establish plaintiff's claim.

*Appeal from Pottawattamie District Court.*

SATURDAY, JUNE 16.

PLAINTIFF is an architect, and states in his petition that he was employed by a duly authorized committee of defendant's board of directors to furnish plans for the construction of a school-house about to be constructed by the defendant; that he did furnish such plans, and the same were approved by the board; that such plans, after the approval thereof by the building committee, were left with said committee, who represented and agreed that the building should be constructed

in accordance with the plans. Afterward, the said board employed one Maxon to copy the same, and have appropriated the plans in the erection of the school-house building. For his services in preparing the plans the plaintiff seeks to recover. On motion of the defendant the court directed a verdict for the defendant, on the ground that the "evidence was insufficient to sustain a verdict for the plaintiff," and because the "undisputed evidence fails to show any contract or agreement binding in law on the defendant." The jury found a verdict as directed, and the plaintiff appeals.

*Stone* and *Hammond*, for appellant.

*Sapp & Lyman*, for appellee.

SEEVERS, J.—I. Clausen and Pettibone were appointed by the board of directors of defendant as a committee on building and grounds, and the board adopted a resolution authorizing such committee "to procure plans for a school-house in Hall's addition, and present the same at the next regular meeting of the board." It will be seen that the committee was not authorized to approve the plans, but to procure them only. By the adoption of the resolution, the committee became the agents of the board with unlimited power as to the manner in which the plans were to be procured. The board could in their discretion delegate such power to a committee, and the defendant is bound by the acts of the committee within the scope of the power delegated to them. *Rice & Son v. Plymouth County*, 43 Iowa, 136; see, also, *Mallory v. Montgomery County*, 48 Iowa, 681.

The uncontradicted evidence is that the committee called on plaintiff and told him that they came to select plans for a school-house. They examined and selected one, and gave the plaintiff directions to leave off the rear projection, put on a tower, and arrange it to suit a lot that would have to be filled five feet, and gave some minor instructions. The committee inquired when the plans would be ready, and when the plaint-

iff could meet the board.   A time was agreed upon.   Clausen then asked Pettibone: "Shall we go and see any other archi- tect?". He said: "No, we do not want to see further.   This plan suits me, I don't want to look at any more."

The plaintiff testified: "I never make plans unless I super- intend the building." But, of course, the plans had to be approved by competent authority before any person could be employed to superintend the erection of the building.   As the committee only had power to procure the plans, the board of directors alone had the power to approve the same.   The preparation of the plans must of necessity precede their ap- proval.   We are not prepared to say there was not' sufficient evidence to be submitted to the jury on the question of ap- proval by the committee had they been vested with such power.   Clearly, we think, the committee directed the plaint- iff to prepare plans.   He did so, and his time and labor was worth something, and the evidence so tended to show, and we think the question of the amount the plaintiff was entitled to recover should have been submitted to the jury.

It may be it is the universal custom of architects to pre- pare and furnish plans for buildings, and take the chances of the same being approved before they are entitled to compen- sation.   But there is not evidence tending to so show.   Un- der the evidence, we think the court erred in taking the case from the jury.

II. There was no evidence tending to show that the board adopted the plans of the plaintiff, but it tends to show that they appointed Maxon as architect, and adopted his "plans, subject to any modifications and changes that the board might see proper to suggest."   As we have seen, the petition states that the board employed Maxon to copy the plans pre- pared by the plaintiff, and have proceeded to appropriate the same, and have erected the building in accord therewith. The plaintiff, at the request of the board, left his plans, as did other architects, with the board for examination.   There is some evidence tending to show that the Maxon plans adop-

ted by the board are substantially the same as those of the plaintiff. But there is no evidence tending to show that the board employed Maxon to copy the plans of the plaintiff. Nor is there any evidence tending to show fraud or collusion between Maxon and the board. The plans of the plaintiff were returned to him, and were not used in the construction of the building, but those of Maxon were. While the plans of Maxon and the plaintiff were substantially alike, yet there were differences between them. This the plaintiff admits. Such differences were to some extent material. Now, under the above statement of the evidence, we do not think the question as to the employment of Maxon to copy the plans of the plaintiff, or whether defendant has appropriated the latter to its own use, should have been submitted to the jury.

It will be observed that the evidence fails to show that Maxon in fact copied the plans, or that the same were in his possession except for a short time when he and the other architects were before the board.

It is undoubtedly true that two buildings may be substantially alike, and yet the plans therefor may have been drafted by different architects, without either having knowledge of the plan of the other.

REVERSED.