RICE & SON v. PLYMOUTH COUNTY.

1. **Board of Supervisors:** CONTRACT. A county let a contract for building a jail and appointed a building committee, whose chairman was also chairman of the board of supervisors. He agreed with plaintiffs, who furnished a part of the materials for the building, that the county would pay for the same, and they were furnished in reliance upon this undertaking: *Held*, that the undertaking was not binding upon the county, in the absence of special authority from the board of supervisors to make it, and that such authority would not be inferred from the fact that the party making it was a member of the building committee and board of supervisors.

2. ————: APPROVAL OF BILL. An assurance by the chairman of the board of supervisors, in open session, that they will pay a bill against the county does not create an obligation thereon against the county; to bind the county the bill must receive the assent of a majority of the members of the board.

*Appeal from Woodbury District Court.*

FRIDAY, APRIL 21.

ACTION to recover for certain lumber delivered one Griffin by the plaintiffs which it is alleged the defendant agreed to pay for, and also that the defendant, being indebted to Griffin, agreed to pay the amount due plaintiff for the lumber. Jury trial, verdict for the plaintiff, and judgment thereon. Defendant appeals.

*Curtis & Tredway*, for appellant.

The county can only be bound by the action of the board, or of a majority in session, or of some person duly authorized by it. (*Clark v. Des Moines*, 18 Iowa, 199; *Haliburton v. Franklin*, 14 Mass., 181; *Butler v. Charleston*, 7 Gray, 12; 1 Dill. on Corp., 333–4.) Plaintiff never having presented his claim to the board and demanded payment, he cannot recover. (Code, § 2610.) Suit is not maintainable against the drawee of an order, even if he has money of the drawer, who dishonors the order. (2 Pars. on N. & B., p. 61.)

*Joy & Wright*, for appellees.

The county is liable under the facts in evidence. (*Mills v. Brown*, 2 Iowa, 315; *Town v. Grover*, 9 Pick., 305; *Chase v. Day*, 17 Johns., 114.) When an order is given upon a party holding money belonging to the drawer, the drawee is liable to the party in whose favor the order is drawn to the extent of the drawer's funds in his hands at the time the order is presented. (*Payton v. Hallett*, 1 Caine, 363; *Jackman v. Bouker*, 4 Met., 235; *Grundy v. Kittredge*, 8 Cush., 562.) Acceptance may be by parol as well as writing. (*Stockwell v. Bromble*, 3 Ind., 428; *Bird v. McElvanie*, 10 Id., 40.)

SEEVERS, CH. J. The material facts are, that defendant, being desirous of erecting a jail, let the contract to one Griffin, who was to furnish the materials and erect such building. A committee was appointed to make the contract and superintend the erection of the jail. The committee and Griffin entered into a written contract, by the terms of which Griffin was to receive his pay on the completion of the building. Soon after making this contract Griffin and Mr. Barrett, who was chairman of the board of supervisors and a member of said committee, went to Sioux City, where the plaintiffs resided, and one or both of them purchased the lumber, and the evidence tended to show that Barrett agreed orally that the county would pay therefor, and also that the lumber was furnished on the faith and expectation that the county would be accountable therefor. The evidence also tended to show that afterwards, and before the jail was completed, Griffin gave the plaintiffs a verbal order on the defendant to pay them the amount due for the lumber. The board of supervisors being in session, the plaintiffs went before them for the purpose of seeing whether they would pay the bill. At this time Barrett said to the plaintiffs, "Mr. Rice, we cannot pay that bill to-day. The jail is not accepted, but just as soon as it is accepted he would pay me the bill," which the plaintiffs said was satisfactory. Afterwards the defendant paid Griffin the full amount due on the contract, which was more than the

amount of the plaintiffs' bill for the lumber. Whereupon the court instructed the jury as follows:

"3d. If the jury believe that, at the time of the purchase of the lumber by Griffin from plaintiff, Wm. Barrett was then present and by reason of his acts and conversation as a member of the board of supervisors of Plymouth county, Iowa, and also a member of the building committee, appointed to superintend the construction of the jail under the resolution of the board, introduced in evidence, creating said committee, induced the plaintiff to sell the lumber, and that the plaintiff sold said lumber to said Griffin with the understanding and agreement between the plaintiff and defendant that the defendant would pay the same for said Griffin after said jail should be completed, and further find that the said Griffin, of LeMars, at or about the time of the June session, 1874, of the board of supervisors of Plymouth county, Iowa, gave a verbal order and memorandum in writing, requesting and directing the board of supervisors of Plymouth county, to pay to the plaintiff the sum of $335, and that the defendant then owed that amount to said Griffin, and that the plaintiff, by one of the members of its firm went to the board of supervisors in session, and that said board as a board promised and agreed to pay said bill on the completion of the jail by the defendant, and find that in pursuance of this promise plaintiff gave up his claim on Griffin and took the county as his creditor for the claim; and find, also, that the jail was subsequently accepted by defendant, and at the time of the acceptance of the jail that defendant had $335 of the funds of Griffin on hand, then the county is liable to plaintiff in this action, and you should find for the plaintiff the sum of $335 and interest at the rate of six per cent from the 30th day of July, 1874."

The foregoing instruction is clearly erroneous in this: It contemplates that a county may be bound under the circum-

1. BOARD of supervisors: contract.

stances of this case, by the acts, contract and declarations of a member of the board of supervisors and building committee, in the absence of any showing whatever that the board had authorized him so to act. If the doctrine laid down in the instruction is correct, the board

as a whole should be abolished. That a member of the board may be appointed by the supervisors when in session to purchase lumber or materials for the county, we do not doubt; so may any other person, and he would possess and have just the power conferred on him by the board, and no more. There is no difference in this respect who the agent is, the the source of power is the same, and the extent thereof must be judged by the terms and conditions used in granting the requisite authority. In other words, Barrett had no power to bind the county merely because he was a member of the board and building committee.

II. The instruction is also erroneous in this: It is based on the thought that the board as a board promised and agreed

2. ——: approval of bill. to pay the plaintiffs' bill on the completion of the jail, and that plaintiff gave up his claim on Griffin. There was no testimony tending to show that the board of supervisors ever agreed to pay the plaintiffs, or that in consequence thereof they released Griffin. The testimony of one of the plaintiffs on this subject is contained in a foregoing part of this opinion. We are not prepared to say that everything done by the board must be entered of record, or that before the county can be bound there must be some writing or equally unequivocal act done or signed by the members of the board and filed and preserved. But there should at least be an assent given by a majority of the members of the board while in session, before the act, thing or matter will be binding on the county.

REVERSED.