## ELLSWORTH v. CORDREY.

1. **Tax Sale and Deed:** NOTICE TO REDEEM: PRESUMPTION THAT LAND IS TAXED TO OWNER. Where defendant's title to the land in question was of record, and the land was assessed and taxed to him at the time it was sold for taxes, it will be presumed, in the absence of a contrary showing, that he retained the title and that it was taxed to him when the notice to redeem should have been given; and especially should such presumption be entertained against a holder of the certificate of purchase who, by his acts in the premises, recognized the continued ownership of the defendant. In such case a tax deed cannot be sustained without the statutory proof that notice to redeem was served on defendant. *Fuller v. Armstrong*, 58 Iowa, 683, distinguished.

*Appeal from Hardin Circuit Court.*

TUESDAY, DECEMBER 9.

*S. M. Weaver* and *T. H. Milner*, for plaintiff.

*Brown & Carney*, for defendant.

OPINION ON REHEARING.*

ROTHROCK, CH. J.—I. This cause has again been submitted to us on a petition for a rehearing. It is urged that the evidence in the case does not show that the land was taxed to the defendant when the notice was served, and that as to the forty-acre tract sold to Zelie no notice was necessary; and the case of *Fuller v. Armstrong*, 53 Iowa, 683, is relied upon as supporting the claim made. The abstract shows that the land was assessed and taxed to the defendant in 1875, the year for which it was sold for taxes. It also appears that the defendant's title to the land was then of record. The plaintiff seeks to quiet his tax title. If the land was taxed to the defendant, it was incumbent on the plaintiff to give the notice required by law. This he attempted to do, but the notice was insufficient. It being conceded that the patent title to the land was in the defendant, and that the same was taxed to him in 1875, it should be presumed that no change was made in the ownership, and in the name in which it was taxed. Especially should this be so in view of the fact that the plaintiff attempted to give notice to defendant, and obtained his tax deed by a showing that he had given notice, and in view of the further fact that he seeks by this action to quiet his title as against the defendant. This is an admission that the defendant is the owner of the patent title, and if there was no change of title it is fair to presume that no change was made in the name in which the land was taxed.

---

* For original opinion see 63 Iowa, 675.

II. It is further claimed that the tax title should be sustained as to the forty-acre tract purchased by Parmlee, because the agency of McKay was in no manner connected with Parmlee's purchase. But the evidence shows that McKay paid the tax upon the land for 1876 with money furnished by the defendant, and he sent the defendant a receipt, and did not notify him that the land had been sold for the tax of 1875. He should have applied the money in redemption from the sale, and we do not think that under the facts in the case he could acquire any rights in the Parmlee tract by afterwards taking an assignment of the certificate of purchase. The former opinion is adhered to.