## YOUNG v. THE COUNTY OF BLACKHAWK.

1. **Township Trustees as Board of Health:** DELEGATION OF POWER TO EMPLOY PHYSICIAN: RATIFICATION.   A township board of health cannot delegate its statutory power to employ a physician to a committee, none of whom are members of the board; nor can the members of the board, by their separate acts and declarations, ratify the employment of a physician by such committee.   Such ratification, in order to bind the county to pay for the physician's services, should be made by the board of health, acting as a body, before the services are performed. See case cited in opinion.

*Appeal from Blackhawk District Court.*

TUESDAY, JUNE 9.

THE plaintiff, who is a physician, seeks to recover of the defendant upon an account for medical services rendered to certain persons who were afflicted with small-pox, in the township of Union, in Blackhawk county. There was a trial by jury. When the plaintiff had introduced his evidence, the defendant moved the court to instruct the jury that there was no evidence upon which to found a verdict for the plaintiff. The motion was sustained, and the jury were directed to return a verdict for the defendant, which was done. Plaintiff appeals.

*H. C. Hemmenway*, for appellant.

*M. L. Owens* and *J. L Husted*, for appellee.

ROTHROCK, J.—It appears from the evidence that the village of Finchford is in Union township, Blackhawk county. It is a small place, of some fifteen or twenty houses. A woman named Newell went there, and was taken sick. She was treated by Dr. Lowell, the village physician, and, after some four or five days, it was discovered that her aliment was small-pox. This was not discovered, however, until several other persons had contracted the disease, and people became alarmed and sent for the township trustees. Two of the trustees and the township clerk responded to the call, and a meeting of the citizens was held with the trustees at the school-house. The township clerk was appointed secretary of the meeting, and kept minutes of the proceedings. After a statement of the object of the meeting, and an interchange of views, the two trustees held a consultation, and appointed Dr. Lowell and two other persons a committee to take such measures as they thought necessary to arrest the spread of

the disease, and to attend to the wants of those who were sick. The township trustees did not live in the village. The village was at once quarantined by the committee appointed by the trustees, and the necessary precautions were taken. In a few days Dr. Lowell was attacked with the disease, and was unable to give medical attention to those who were sick.

As we understand from the evidence, the plaintiff resides at Cedar Falls, and was sent to Finchford by the chairman of the Cedar Falls board of health to investigate the matter. He found four sick, and no physician to attend them, no wood, and nothing to eat. One of the committee appointed by the trustees requested plaintiff to treat the sick, and, after being assured that the committee were authorized by the township trustees to employ a physician, he consented to give the necessary medical attention to the sick. The plaintiff testified, as a witness, as follows: " I asked them (the committee) where they got the power. They said they got it from the township trustees. And, after I visited the patients, I went to the trustee to know if he had given this committee that power. He told me that they had. Told me to go on and do the best I could for these people, and, under these statements, I did so. The trustee I saw was Mr. Pashby, the chairman of the board. Saw him the next day after that. Afterwards I saw him again, and at different times reported, upon his asking how the cases were getting along. Also saw Mr. James (a trustee) frequently, who inquired about it. They directed me to do my duty the best I could for them; to try and stop the spread of the disease. I told Mr. Pashby one day that the expenses were getting heavy on the county, and he went among the neighbors and met me with supplies, which I carried in. No other persons went out and in the lines from February 5th until the quarantine was lifted, March 23d. I think the last visit I carried the supplies from Cedar Falls." On the thirty-first day of March, 1883, the three township trustees met at Cedar Falls, which is outside

of Union township, at the request of those who had bills to present for allowance and approval for expenses attending the small-pox sickness and quarantine. The plaintiff then and there presented his account for his services, and the same was approved in writing by all of the trustees.

On this state of facts it is claimed by the defendant that the county is not liable for medical attendance and services rendered to such of the small-pox patients as are unable to pay the plaintiff. Chapter 151 of the Eighteenth General Assembly provides as follows:

" Sec. 13. The trustees of any township shall have and exercise all the powers and perform all the duties of a board of health within the limits of the      *      *      *      township of which they are officers.

"Sec. 14. Every local board of health shall appoint a competent physician to the board, who shall be the health officer within its jurisdiction.      *      *      *      The clerks of the townships      *      *      *      shall be the clerks of the local boards. The local boards shall also regulate all fees and charges of persons employed by them in the execution of the health laws, and of their own regulations.

· " Sec. 21. When any person coming from abroad, or residing within any city, town or township within this state, shall be infected, or shall lately have been infected, with small-pox or other sickness dangerous to the public health, the board of health of the city, town or township where said person may be, shall make effectual provision, in the manner in which they shall judge best for the safety of the inhabitants, by removing such sick or infective person to a separate house, if it can be done without damage to his health, and by providing nurses and other assistance and supplies, which shall be charged to the person himself, his parents, or other persons who may be liable for his support, if able, otherwise at the expense of the county to which he belongs.

" Sec. 22. If any infected person cannot be removed without damage to his health, the board of health shall make

provision for him, as directed in the preceding section, in the house in which he may be; and in such case they may cause the persons in the neighborhood to be removed, and may take such other measures as may be deemed necessary for the safety of the inhabitants.

"Sec. 24. Local boards of health shall meet for the transaction of business on the first Monday of May, and on the first Monday of November, of each year, and at any other time the necessities of the health of their respective jurisdictions may demand.     *     *     * "

It will be observed that this statute provides that local boards of health shall appoint a competent physician to the board, who shall be the health officer within its jurisdiction. And the board is authorized to regulate all fees and charges of persons employed by them in the execution of the health laws, and of their own regulations. The evidence shows that the plaintiff was not employed by the board of health; he was employed by a committee appointed by a majority of the board. We are therefore required to determine the question whether the board of health could delegate the power to employ a physician to a committee, none of whom were members of the board. We think it is very clear that the discretion as to what physician shall be employed must be exercised by the board, and that it cannot be delegated to a committee. And although the plaintiff, after he entered upon the employment, saw two of the trustees, who as individuals directed him to attend the small-pox patients, and do what appeared to be necessary in the premises, we do not think this can be regarded as an employment by the board.

In *Herrington v. District Tp. of Liston*, 47 Iowa, 11, it is said: "The question is here presented whether a corporation, whose business is transacted by a board of directors, can be bound by the assent of a majority of the directors to a contract expressed otherwise than at a duly convened meeting. We are of the opinion that it cannot. While it is true, a majority of the board will govern in the absence of a

provision by statute, or in the articles of incorporation, requiring the concurrence of a greater number, yet their determination is valid only after the minority have had an opportunity to be heard. A board must act as a unit and in the manner prescribed. The determination of the members individually is not the determination of the board;" citing *McCullough v. Moss*, 5 Denio, 577; *Livingston v. Lynch*, 4 Johns. Ch., 596; *Rice v. Plymouth Co.*, 43 Iowa, 136. And see *Taylor v. District Tp. of Wayne*, 25 Iowa, 447.

Our conclusion is that the plaintiff, not having shown an appointment by the board of health, cannot recover in this action. The facts show that this determination works an apparent hardship in this case. But we cannot allow hardships in individual cases to lead to the establishment of a rule which would work a great mischief to the public at large. If we were to overturn what we regard as a well established rule to prevent hardships in this case, we would turn loose upon the local school boards and other local bodies in this state all sorts of solicitors, who could obtain the individual assent of members of the boards to all manner of contracts and expenditures, which could not be obtained from the boards acting as a unit. The statute providing for a board of health provides for meetings of the board at any time that the necessities of the health of their respective jurisdictions may demand, and the board in this case should have met as a board, when it was known that the plaintiff's services were required, and made the proper appointment as a board. They could not by their separate acts and declarations ratify the act of the committee appointed by them. They should have ratified it as a board of health before the service was performed,

We think the judgment of the district court must be

AFFIRMED.