FAYETTE COUNTY, Appellee, v. H. P. HANCOCK, Guardian, Appellant.

1. **Property Exempt from Execution: PENSION MONEY: SUPPORT OF INSANE.** Pension money in the hands of a guardian of the estate of an insane person, which was received from the United States after chapter 23 of Acts of the Twentieth General Assembly took effect, is not liable for expenses incurred and paid by the county for the support of such insane person after the receipt of said money from the government, and before an order appropriating out of said estate for future support had been made.

2. ———: ———: ———. Neither is such money liable for expenses incurred and paid by the county for the support of such insane person before said statute was enacted. [ROBINSON, J., *dissenting.*]

*Appeal from Fayette District Court.*—HON. L. O. HATCH, Judge.

MONDAY, OCTOBER 26, 1891.

PROCEEDINGS for the allowance of a claim against the estate of a person insane. From an order allowing a portion of the claim the defendant appeals.—*Reversed.*

*H. P. Hancock,* for appellant.

*D. W. Clements,* for appellee.

ROBINSON, J.—In May, 1861, Jane Nicoll was duly adjudged to be insane by the proper authorities of

Fayette county, and was committed to the Iowa hospital for the insane, where she was confined until the twenty-first day of April, 1873. At that time she was removed to the poor-farm of the plaintiff, where she has since remained. She is now, and has been at all times since May, 1861, insane. For many years she had pending an application for a pension on account of her husband, who had been a soldier of the United States during the War of the Rebellion. The application not having been allowed after the lapse of several years, the plaintiff, with the intent to be reimbursed for its expenses in supporting Mrs. Nicoll, employed an attorney to prosecute the claim, and paid ten dollars for that purpose. In November, 1882, on the application of the plaintiff, H. P. Hancock was appointed guardian of the estate of Mrs. Nicoll, and, having qualified as such, entered upon the discharge of his duties. In December, 1888, the claim of Mrs. Nicoll was allowed, and a sum of money, stated in argument to be about twenty-four hundred dollars, was paid to the defendant for her. The money so paid comprises all the property of Mrs. Nicoll which the defendant has received. In March, 1889, the plaintiff filed against the defendant, for allowance, a claim for three thousand and three dollars and fourteen cents, for expenses incurred in adjudging Mrs. Nicoll insane, in paying her expenses at the hospital for the insane, in supporting her at its poor-farm and for money paid in prosecuting her claim for a pension. The defendant filed objections to the claim on several grounds, one of which was that the money in his hands was not liable for the payment of the claim, because it was money received from the United States as a pension. In April, 1890, the board of supervisors of the plaintiff remitted all of its claim in excess of eighteen hundred dollars. In June, 1889, the court, by consent of parties, ordered the defendant to pay to the plaintiff for the support of Mrs.

Nicoll the sum of two dollars per week, and of that order no complaint' is made. On the final hearing the court allowed the plaintiff the sum of seventeen hundred and thirty dollars and eighty-three cents, and from that order the defendant appeals.

I. The order did not, in terms, require the payment of the amount specified from pension money, but the pleadings and stipulations in the case show clearly that the defendant had no other funds, and that the controversy was over the appropriation of the pension money for the payment of the claim of the plaintiff. It is evident that the order was designed to be an appropriation of the pension money to the amount specified, and must be treated by us as having that effect. The money in question is in the possession of the guardian of the estate of the pensioner, and, therefore, is constructively in her possession, and not in the course of transmission to her. The estate of an insane person, subject to execution, is liable for the expenses incurred by the county in his support. Code, sec. 1433. The right to be reimbursed for such expenses, if not waived by the board of supervisors, is similar to the right to recover from the estate money for any other legal purpose, and is governed by the same rules. We are required to determine in this case whether the pension money of an insane person, received from the United States after chapter 23, Acts of Twentieth General Assembly, Iowa, exempting pension money, took effect, is liable for expenses incurred and paid by the county in which such person has his legal residence for his support. We are agreed that the pension money is not liable for such expenses incurred after the act named took effect, and before an order appropriating money for future support is made. Whether it can be appropriated by an order providing for expenses to be

1. Property exempt from execution: pension: support of insane.

thereafter incurred is a question not involved in this ·case, and not determined.

II.　In regard to the right of the county to have appropriated pension money received after the act named took effect, for expenses incurred and paid ·2. ——: ——: ——. by it in support of the insane pensioner before that time, we are not agreed.　As to that, the rule announced by the majority of this court in *Crow v. Brown*, 81 Iowa, governs.　The writer adheres to the views expressed in the minority opinion in that case, bnt the other members of the court are satisfied with the views expressed in the majority opinion, and the ·order of the district court is, therefore, REVERSED.