INDEPENDENT SCHOOL DISTRICT NUMBER SIX OF CEDAR TOWNSHIP, Appellee, v. MARY M. WIRTNER, Appellant.

School Districts: ACTION: POWERS OF PRESIDENT OF SCHOOL BOARD. Section 1740 of the Code providing that the president of a district school board "shall appear in behalf of his district in all suits brought by or against the same," does not authorize the commencement of actions in the name of the district by the president without the consent of the board.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FRIDAY, MAY 20, 1892.

THIS is an action in equity, by which it is sought to enjoin the defendant from teaching a school in the schoolhouse in Independent district number six, Cedar township, in Johnson county. The defendant appeals from a decree enjoining her from teaching the school. *Reversed.*

*Ranck & Wade*, for appellant.

*Baker & Ball*, for appellee.

ROTHROCK, J.—In the year 1889, the board of directors of the Independent district was composed of Michael Dwyer, Stephen McCook and N. Paxon. Dwyer was president of the board, and Paxon was secretary. It appears from the evidence that all of the directors were willing that the defendant should teach a school for the term of three months in the schoolhouse in the district, commencing on the first day of April, 1889. But, so far as appears, there was no personal conference among the members of the board on the subject. The arrangement for the school was made by the defendant, in company with her father, by interviews with the directors separately. On March 27, 1889, an interview was had with McCook. He expressed himself as willing that the defendant should be the teacher, and directed her to Dwyer. McCook knew that Paxon was favorable to the employment of the defendant, and McCook states in his testimony as a witness that "Dwyer was the particular one, and I supposed he ought to have a say in choosing the teacher." The defendant and her father then visited Dwyer. A contract was arranged with him, and it was agreed that

the school should commence on the first day of April, which was the following Monday, and that on Saturday the contract should be reduced to writing, and approved by Dwyer as president of the board. The compensation to be paid to the defendant was eighteen dollars per month. The defendant did not go to see Dwyer on Saturday, but called on Paxon, and he prepared a written contract in all respects as had been agreed to between Dwyer and the defendant, with the exception that by the contract as written the defendant was to be paid at the end of each month, and by the verbal arrangement with Dwyer, payment was to be made at the end of the term. Paxon took the contract to Dwyer's house on Saturday, and Dwyer was absent, and Paxon left the contract with his family.

The defendant opened her school on Monday morning, and taught that day, and in the evening went to Dwyer's house, and was then informed by Dwyer that he would not sign or approve the contract, and he directed her to stop the school. She testified as a witness that she offered to have the contract changed as to time of payment, but that he refused to approve it if that were done; and we incline to think that her statement in this regard is true, because Dwyer at all times afterwards refused to sign or approve any contract with the defendant. The result was that when the defendant commenced to teach there was no completed contract in writing authorizing her to teach, and it would have been better if she had vacated the building. But it would have been vastly more to the advantage of Dwyer if he had acted upon business principles, and changed the contract in the unimportant particular in which it differed from the verbal arrangement which he made with the defendant.

On Tuesday, the second day of April, Dwyer went to Iowa City, and consulted counsel, and was advised to return to the district and get the consent of

McCook, as a member of the board of directors, to the bringing of an action. It is important to determine whether Dwyer obtained the consent of McCook. The evidence shows quite conclusively that he did not. In his redirect examination as a witness McCook testified as follows: "I saw Mr. Dwyer before he went into town, and talked with him about this suit. I do not think that I agreed that the suit should be commenced.

*Q.* Did he not tell you what he was contemplating doing? *A.* He did.

*Q.* Did you assent to it? *A.* I did not.

*Q.* Did you or not refuse to sanction it? *A.* I did not."

And the record shows that McCook stated that he had nothing to do with commencing the suit, and that the board had no meeting for the purpose of consider- ing the advisability of commencing this suit.

This action was commenced in the names of Dwyer and McCook, and it was stated in the petition that it was brought in behalf of the district. Afterwards the title to the action was changed so that it appeared as an action in the name of the district against the defendant. The defendant, by her answer, averred that the suit was brought and carried on without the authority of the board of directors of the district. The evidence shows beyond controversy that Dwyer commenced the action on his own motion, and it does not appear that there was any authority of the board, as officers of the district, to maintain the action after it was brought. The amendment to the title of the suit did not change the relations of the parties thereto, or authorize the maintenance of the action, if there was no authority from the board to institute or maintain it.

Did Dwyer have authority, as president of the board, to maintain the action? It is a general rule

that corporations act through their boards of directors, and that no corporate act can be done by the individual members of the board unless authorized by law or by the charter of the corporation. *Herrington v. District Township of Liston*, 47 Iowa, 11; *Rice v. Plymouth County*, 43 Iowa, 136; *Young v. Black Hawk County*, 66 Iowa, 460, 464. It is claimed by counsel for the appellee that, by fair and natural implication, the authority to direct the bringing of an action for the district may be found in section 1740 of the Code. That section is as follows: "He [the president of the board] shall appear in behalf of his district in all suits brought by or against the same, but, when he is individually a party, this duty shall be performed by the secretary; and, in all cases where suits may be instituted by or against any of the school officers to enforce any of the provisions herein contained, counsel may be employed by the board of directors." This section requires the president of the board to appear for his district in all suits brought by the district, but it does not authorize him to bring suits on his own motion. It is suits brought by the district, and not by the president of the district, to which the statute refers. He has no more power to institute a suit in the name of the district than has any other member of the board. He is not even authorized to employ counsel, because the statute expressly requires that counsel "may be employed by the board of directors." Having no more power to bring an action than any other member of the board, it is apparent that the board must act as a board in commencing an action. And there is perhaps no better illustration of the wisdom of the law as thus interpreted than in this action. In itself it was a trifling affair. If Dwyer had consulted the other directors, the contract would have been completed, and there would have been no occasion for invoking the powers of a court of equity to protect the

district from any supposed wrong which the defendant was perpetrating. As it is, we have a hearing in the district court with some twelve witnesses, and a record in this court which will cost nearly fifty dollars. If the party who instituted this suit, and is carrying it on, should be held to have authority to do so, and compel the district to pay the costs and attorneys' fees, it would squander enough money belonging to the district to pay a teacher for about one year.

The decree of the district court will be reversed, at the costs of Michael Dwyer, and the cause remanded to the district court, with directions to dismiss the petition at his costs. REVERSED.