EMMET COUNTY, Iowa, ex rel. Wm. S. Johnston, County Attorney, Appellant, v. HAROLD DALLY et al., Appellees; MARTIN COUNTY, Minnesota, Intervenor.

No. 41726.

MAY 15, 1933.

William S. Johnston, County Attorney of Emmet County, for appellant.

J. W. Morse, for defendants-appellees.

Leo J. Seifert, for intervener-appellee.

MITCHELL, J.—The appellee Harold Dally, now thirty-two years of age, was born in Hamilton county, Iowa, and his wife, Mae Dally,

now twenty-eight years of age, was also born in Hamilton county, Iowa. They were married in Hamilton county, Iowa, in 1920, and lived at Webster City for about five years. They then went to Jackson county, Minnesota, where they lived for about fourteen months. From there they moved to Dickinson county, Iowa, where they stayed about two months, and on or about September 1, 1926, moved to Emmet county. They rented and furnished a house, and one child was born to them during their two years' residence in that county. From Emmet county they went to Jackson county, Minnesota, and worked on a farm for a few months, and then moved to Martin county, Minnesota, where Harold worked with a construction company building a schoolhouse. About March 15, 1930, they returned to Emmet county, and have lived there continuously since that time. On the 29th day of December, 1930, a certain alleged warning to depart was served upon Harold Dally, and another such alleged warning to depart was served upon Mrs. Harold Dally on December 2, 1931, by personal service, and upon Harold Dally by leaving a copy thereof with Mrs. Harold Dally, his wife, at his usual place of residence.

On May 12, 1931, the appellee Harold Dally, as a person in destitute circumstances and unable to obtain work, applied to the overseer of the poor of Emmet county for aid, and relief was denied by the county because of the serving of the purported warnings to depart, and upon the grounds that said appellee had not acquired a settlement in Emmet county as by law provided.

In its final analysis the question here involved becomes simply one of jurisdiction.

It is appellant's theory that the service of these alleged warnings to depart stayed appellee's acquisition of a settlement in Emmet county.

Code section 5315 is as follows:

"Persons coming into the state, or going from one county to another, who are county charges or are likely to become such, may be prevented from acquiring a settlement by the authorities of the county, township, or city in which such persons are found warning them to depart therefrom. After such warning, such persons cannot acquire a settlement except by the requisite residence of one year without further warning."

Appellees contend that the warnings to depart served on them did not constitute such warning as is contemplated by section 5315, because they did not comply with the requirements of Code section 5316, which section is as follows:

"Such warning shall be in writing, and may be served upon the order of the trustees of the township, or of the board of supervisors, by any person; and such person shall make a return of his doings thereon to the board of supervisors, which, if not made by a sworn officer, must be verified by affidavit."

The language of this statute is clear and unequivocal. The notice is to be served "upon the order of the trustees of the township, or of the board of supervisors".

R. S. Bryan, the chairman of the board, who signed the warnings and caused them to be served, testified that the matter was taken up and discussed at the regular session of the board, with all members present, and that they told him to sign the warnings. He testified that the board talked it over, but there was no motion and no resolution at either time authorizing either warning to depart. He testified as follows:

"Q. You don't pass any resolution? A. No.
"Q. You didn't in this case? A. No.
"Q. You just discussed it? A. Just discussed it."

The individual members of the board may have been of one mind as to the propriety and expediency of serving such warnings, and may have so expressed themselves in the discussion, but this cannot be said to constitute such an order as is contemplated by the statute. As was said by this court, in Herrington v. District Twp. of Liston, 47 Iowa 11:

"A board must act as a unit, and in the manner prescribed. The determination of the members individually is not the determination of the board."

This court said, in the case of Modern Steel Structural Company v. Van Buren County, reported in 126 Iowa, page 606, on page 617, 102 N. W. 536, 539:

"In our judgment, however, the signing and delivering of the paper to the bridge company by two of the supervisors cannot be

said to have been the act of the board, nor binding upon the county as an acceptance of the Selma bridge. The meeting seems to have been an informal gathering for the purpose of examining the work, and enabling them at the proper time to act intelligently upon the matter of its acceptance; but, so far as appears, the meeting was not called to order, or organized for official business, no resolution was offered or voted upon, no clerk was present to preserve a record of the proceedings; nor was this informal action, so far as appears from the record, ever reported to or approved by the board in session. That the act of the individual members of a public body, even though concurred in by a majority of its members, is not official or binding upon the municipality which they represent, is too well settled for doubt or debate. Young v. Black Hawk County, 66 Iowa 465, 23 N. W. 923; Rice v. Plymouth County, 43 Iowa 136; Ind. Dist. v. Wirtner, 85 Iowa 387, 52 N. W. 243."

The appellant argues with a great deal of force that the case of Bremer County v. Buchanan County, reported in 61 Iowa, page 624, 16 N. W. 720, is controlling in the case at bar. But in that case an order for the relief was actually made. On page 627 of that decision in 61 Iowa, 16 N. W. 720, 721, the court said:

"It is averred in the petition that the order for the relief was actually made at a meeting of the trustees, and the question is, shall the action fail because the record does not show such order?"

The objection made in that case was based upon the fact that the township clerk was not present and did not make a record of the proceedings of the trustees, while in the case at bar the uncontradicted evidence shows that no order was made. Just an informal discussion among the members was held. Had the board of supervisors authorized the notices, and the auditor neglected to make it of record, then the case would have been analogous to the Bremer County case, but since the record shows that no such order was made or authorized, the Bremer County case is not controlling.

This is a free country. People generally have the right to settle where they please, and where they can best pursue the serious business of making a living for themselves and families. To give to any officer or board the power to cause and require any one to move on by the service of a notice is to bestow upon them an arbitrary and a serious power and authority. It is the placing of an unusual power,

the exercise of which might cause serious hardship, and it is because of this unusual power that the courts universally have held that the power, in order to be effective, must be exercised strictly according to the statute. The language of this statute is clear. The notice is to be served "upon the order of the trustees of the township, or of the board of supervisors". There is no showing in this record of strict compliance with the statutory requirements. On the contrary, there is the direct and undisputed testimony of the chairman of the board, who issued the warnings and caused them to be served, that no vote was taken on the question by the board, but that the board merely discussed the matter. Certainly, in this case, the board did not act in the manner prescribed.

This case was tried to the court without the intervention of a jury. There was ample evidence to support the findings of the trial court as to matters of fact, and the rule is too well settled to require citation of authority that, in such a case, the findings will not be disturbed on appeal.

Certain other errors of law are urged, but in view of our holding they need not be considered.

The order of the trial court dismissing the petition was correct, and it is affirmed.

The Chief Justice and all Justices concur.