IN RE ESTATE OF FRANK WAGNER.

E. J. BUTLER, Administrator, LEO WAGNER, Substituted Administrator, Appellees, v. KOSSUTH COUNTY, Claimant, Objector, Appellant.

No. 44584.

MARCH 14, 1939.

L. A. Winkel, for appellant.

M. C. McMahon and Frank W. Senneff, for appellees.

HAMILTON, J.—Appellees' intestate, as a resident of Kossuth county, was committed to the State Hospital for the Insane located at Cherokee, Iowa, in 1913, where he remained until his death on January 7, 1932. At the time of his death, there was due and owing Kossuth county from said decedent, for money paid to the hospital for his care and support as an inmate of said institution, the sum of $3,969.31. On July 29, 1933, on application of the county, as a creditor, E. J. Butler, the then county auditor of said county, was appointed administrator of said estate. The application for appointment was prepared by the county attorney and signed on behalf of the county by W. E. McDonald, a member of the board of supervisors of said county. Butler was county auditor during the years, 1933, '34, '35, and '36. McDonald was still a member of the board at the time of the trial below. Hence, the county, through its officials, had full knowledge of the opening of the estate and of the existence of the indebtedness due the county from the estate. Notwithstanding this actual knowledge, absolutely nothing further was done about the matter until September 10, 1937, at which time, the county filed its claim which merely stated that "claimant demands from said estate the sum of $3,969.31 now due for funds advanced for care of patient

at Cherokee, Iowa." On January 13, 1938, Butler filed his final report as administrator in which he stated that he had qualified and given notice of his appointment on July 29, 1933; that all bills had been allowed and paid except a purported claim of Kossuth county which was not allowed for the reason that more than twelve months had expired since the giving of the notice of appointment and by reason thereof said purported claim, even if the same were debt of the decedent, was barred, under the provisions of section 11972 of the 1935 Code of Iowa. Further stating that, even if said claim had been timely filed, it was not clearly stated and itemized as required by law; that the same was too indefinite and uncertain to enable the administrator to be informed as to the nature or the reason therefor.

Thereafter, on January 18, 1938, claimant filed an amended and substituted claim which was itemized and in which interest was claimed but which contained no allegations of peculiar circumstances excusing the belated filing of said claim. To this substituted claim was attached notice of hearing with acceptance of services by the administrator. It does not appear from the record that the claim was docketed in the usual way.

The next instrument that was filed was objections by the county to the final report filed January 25, 1938, which objections are voluminous and extremely argumentative. These set up the provisions of section 3595 of the 1935 Code of Iowa relating to the personal liability of insane persons and persons legally liable for their support and provides that:

" * * * The county auditor, subject to the direction of the board of supervisors, shall enforce the obligation herein created as to all sums advanced by the county."

The gist of the objections is that, because the county auditor was named as administrator and the county attorney, in his official capacity, prepared the application for the appointment of the administrator and who also acted as attorney for the estate, the county had a right to rely upon said officers to look after the matter of filing and proving the claim, insinuating that, if the court should not so find, it might result in a personal claim for damages against said officers. The objections also set up the fact that the estate is solvent and unsettled and no hardship would befall any other creditor; that the sons and daughters of the deceased are all adults and, for aught that appears to the objector, are self-supporting without any addi-

tional, unjust enrichment such as they would receive in this case, if the claim of the objector should be denied.

The record is peculiar in this. It contains no statement of any kind indicating that the hearing on the claim and the hearing on the objections to the final report were consolidated for the purpose of the trial. The record simply states that on the 25th day of January, 1938, said cause was tried to the court without a jury and on trial the following proceedings were had. Then follows the stipulation of facts, evidence of the witnesses, introduction of the exhibits, the oral comments and conclusions of the court and the final decree and order of the court which decree recites as follows:

" * * * this matter coming on for hearing upon objections by Kossuth county, Iowa, to the final report of the administrator of this estate * * *." (Here follows a statement of facts including the finding of the amount due the county; the belated filing of said claim; that no notice was served upon the administrator of the estate until after such claim was filed September 10, 1937; that said claim when filed became one designated by the statute as a claim of the fourth class and a further finding that no evidence was offered or introduced showing the claimant entitled to equitable relief as contemplated by Code section 11972.)

"It is, therefore, ordered, adjudged, and decreed that the application of the claimant for relief because of peculiar circumstances entitling the claimant to equitable relief be, and hereby is, denied. That all objections to the final report of the administrator filed by Kossuth county, Iowa, be and hereby are overruled and the said report is hereby approved."

It therefore appears that allegations in reference to peculiar circumstances are all contained in the objections to the final report and nothing of this character is found in any of the allegations of the claim. There was, therefore, really no issue before the court on the claim proper warranting the introduction of evidence bearing on the question of peculiar circumstances entitling the claimant to equitable relief. However, since this was a matter in probate and since the matter was not raised by the administrator in any formal manner in the court below, we are inclined to overlook this irregularity and consider the case on its merits.

■ Claimant seeks to avoid the bar of the statute, in division I of its brief, by contending that the court erred in not allowing the claim as a claim of the second class and attempts to show that the amount due the county was a public rate and, hence, falls under division 2 of section 11970 of the 1935 Code of Iowa relating to "public rates and taxes." In support of this assignment, appellant cites 52 C. J. 1142, which recites:

"Public rates are those which are levied and taken out of the property of the person assessed, for some public or general use or purpose, in which he has no direct, immediate, and peculiar interest, being exactions from him toward the expense of carrying on the government."

Appellant supplements this by the following statement from In re Estate of Oelwein, 217 Iowa 1137, 1141, 251 N. W. 694, 696, that:

"Claims for taxes due from the decedent, even though they may not be filed or approved, constitute a charge against the estate which must be paid by the administrator."

And from Findley v. Taylor, 97 Iowa 420, 423, 66 N. W. 744, 745, the further statement to the effect that:

"There is no requirement in regard to filing claims for taxes, and the failure to file them does not release the estate from liability."

Provisions of the statutory law bearing on this question are found in chapter 178 of the 1935 Code and more especially in section 3581 which provides:

"Liability of county and state. The necessary and legal costs and expenses attending the arrest, care, investigation, commitment, and support of an insane person committed to a state hospital shall be paid:
"1. By the county in which such person has a legal settlement, * * *."

Then follow several sections of the code bearing on the question of legal settlement. Following these is section 3595 to which we have heretofore adverted.

Section 3596 makes the certificate from the superintendent

and the notice from the state comptroller stating the sums charged in such cases presumptively correct.

Section 3597 provides:

"Relief from liability. If the board of supervisors in the case of any insane patient who has been supported at the expense of the county shall deem it a hardship to compel the relatives of such patient to bear the burden of his support, or charge the estate of such patient therewith, they may on application relieve such relatives or estate from any part or all of such burden as may seem to them reasonable and just."

There is nothing in the provisions of this chapter which would warrant the court in labeling the expense of the care and keep of an insane patient a public rate within the provisions of section 11970 of the Code. The county advanced the money to the hospital for the expenses and this may be recovered from the estate of the patient or from certain relatives or, under certain circumstances, the board may waive the indebtedness. It is a mere debt to be enforced against an estate the same as any other indebtedness and, if filed in time, becomes a claim of the third class, or, if filed after six months has expired from the date of publication of notice of appointment of the administrator, it becomes a claim of the fourth class and the law relating to the filing and serving of notice of fourth class claims within twelve months is applicable to this claim the same as if the claim were that of an individual or private corporation and the administrator, in the instant case, was not warranted in allowing or paying said claim after the expiration of twelve months (in the instant case, four and one-half years had expired) unless and until the claimant, in a proper proceeding, was able to show peculiar circumstances excusing the belated filing and serving of notice entitling the claimant to equitable relief. Such claims on the part of the county have always been so considered by this court.

In the case of Thode v. Spofford, 65 Iowa 294, 17 N. W. 561, 21 N. W. 647, a similar claim was involved and it was therein claimed that the expense was a tax and the court said:

"The claim of the county was not a lien upon the property. * * * The collection is to be made, like any other claim, by action, judgment and execution; and there is no lien until it is obtained by the judgment of the court."

And in the case of Fayette County v. Hancock, 83 Iowa 694, 696, 49 N. W. 1040, 1041, we find this language:

"The right to be reimbursed for such expenses, if not waived by the board of supervisors, is similar to the right to recover from the estate money for any other legal purpose, and is governed by the same rules."

In Harrison County v. Dunn, 84 Iowa 328, 51 N. W. 155, a similar claim was involved and the statute of limitations was raised as a defense and the court said:

"The failure [of the board of supervisors] to so act does not affect the operation of the statute of limitations . We think there is nothing in the authority given the board of supervisors to collect such *debts* that operates in any way to suspend the operation of the statute." (Italics ours.)

In Gressly v. Hamilton County, 136 Iowa 722, 724, 114 N. W. 191, 192, 15 Ann. Cas. 354, the court, speaking through Justice Deemer, said:

"Under this section it has been held that collection is to be made of the amount paid in the same manner as of any other claim: by action, judgment, and execution."

In In re Jacob's Estate, 119 Iowa 176, 93 N. W. 94, the claim of the county was not filed within the statutory period and claimant sought to evade the statute by proof of peculiar circumstances entitling it to equitable relief. In this case no notice of hearing was given until the expiration of two years and five months. The court denied the claim and stated:

"In this case there is no showing of any diligence whatever. There is no valid, or even plausible reason why the officers of the county did not, within the year, serve notice of the hearing of the claim. * * * to avoid the statutory bar, it was essential that such notice be given within the year and this was not done."

In Guthrie County v. Conrad, 133 Iowa 171, 175, 110 N. W. 454, 456, a similar claim was involved and, in commenting upon the nature of the claim, the court said:

"It is not, therefore, a common contribution made for the

purpose of sustaining a burden which should be shared by all, but is a payment for services actually rendered, *and is not a tax.*" (Italics ours.)

We think this sufficiently disposes of appellant's contention that this claim was a claim of the second class.

■ Appellant's next contention is that the court erred in holding that there were no peculiar circumstances shown entitling claimant to equitable relief. It must be admitted that the circumstances were somewhat peculiar. The officials of the county went to the trouble of opening up this estate by petitioning the court for the appointment of an administrator for the sole purpose of providing a method of collecting this claim and, after going to this trouble, the officials neglected to perform their statutory duty in filing the claim or doing anything until more than four and one-half years had expired, three years of which time the county auditor, who was also the administrator, remained in office and during all of the time the member of the board of supervisors, who signed the application for the appointment of the administrator, remained in office and still was a member of the board when the case was tried below. The attorney, who was county attorney at the time the application was filed, appears in the case as attorney for the administrator and it is peculiar that some of these officers did ·not wake up in time to look after the filing of this claim. However, when we analyze these circumstances, they amount simply to this: Negligence or an absolute lack of diligence on the part of those whose duty it was to act in the matter. We are satisfied this court has never held that equitable grounds for relief may be based on such circumstances. The primary duty rests upon the board of supervisors to direct the county auditor. This is a plain meaning of section 3595 of the Code which provides:

."The county auditor, subject to the direction of the board of supervisors, shall enforce the obligation * * *."

The language used by this court, in disposing of a similar matter, in In re Jacob's Estate, supra, is quite apropos. We, therein, said:

"In this case there is no showing of any diligence whatever. There is no valid, or even plausible reason why the officers of the county did not, within the year, serve notice of the hear-

ing of the claim. * * * to avoid the statutory bar, it was essential that such notice be given within the year, and this was not done.''

Appellant cites, in support of its contention, Hagen v. Nielsen, 225 Iowa 127, 279 N. W. 94; Meier v. Estate of Briggs, 221 Iowa 482, 265 N. W. 189; First Trust Joint Stock Land Bank v. Terbell, 217 Iowa 624, 252 N. W. 769; Anderson v. Storie, 208 Iowa 1172, 227 N. W. 93, 66 A. L. R. 1410; In re Sterner's Estate, 224 Iowa 617, 278 N. W. 216, and Anthony v. Wagner, 216 Iowa 571, 246 N. W. 748. These cases lay down the general rules governing matters of this kind with which we are all familiar but they do not help the appellant.

The fact that the estate is unsettled and solvent in and of itself is not sufficient. The peculiar circumstances required by the statute must exist independent of the fact that the estate is solvent and unsettled. Anthony v. Wagner, supra.

The circumstances must be such as to tend to justify or excuse claimant's failure to act. Taylor v. Jackson, 213 Iowa 844, 239 N. W. 519.

'' 'Negligence, however, can never afford a passport to the relief contemplated by the statute.' We have uniformly held that 'one claiming exemption from the bar of this statute must show the exercise of proper diligence.' '' Schlutter v. Dahling, 100 Iowa 515, 520, 69 N. W. 884, 886.

'' * * * it is enough to say that we find no case where equitable relief from the bar of the statute has been granted without some showing of diligence, or at least some excuse for failure to exercise diligence.'' In re Jacob's Estate, supra.

In its third assignment of error, appellant complains because the court sustained objections to the offer of testimony which appellant claims was competent as bearing on the issue involved. The question called for an informal discussion between the board of supervisors and the county auditor prior to or at the time of the preparation and filing of the application for the appointment of the administrator and did not relate to any official action. In fact, there was no official action of the board. Furthermore, appellant made no offer of proof. Under such circumstances, we are unable to say whether or not there was prejudicial error in sustaining the objection. Heisel v. M.

& St. L. R. Co., 185 Iowa 885, 171 N. W. 177; Arnold v. Livingstone, 155 Iowa 601, 134 N. W. 101; and Arnold v. Fort Dodge, D. M. & S. R. Co., 186 Iowa 538, 173 N. W. 252.

The trial court offered to permit the appellant to introduce any evidence which tended to show any official action on the part of the board. It would seem clear that the views of the individual members of the board expressed to the county auditor before the administrator was appointed would not rise to the dignity of an excuse or afford evidence of peculiar circumstances entitling claimant to equitable relief. Emmet County v. Dally, 216 Iowa 166, 248 N. W. 366.

Complaint is also made because the court sustained an objection to a question propounded to Butler as to why he did not present a claim in behalf of the county. "Why" he did not file a claim called for no material fact and we would not be warranted in reversing the case because of this ruling. Especially is this so, in view of the fact that, again, the appellant failed to make any offer indicating what he expected to prove by the witness.

We are abidingly satisfied that the case was rightly decided. Finding no reversible error, the decision of the trial court must be and is affirmed.—Affirmed.

MITCHELL, C. J., and all JUSTICES concur.