TEMPLIN & SON v. THE DISTRICT TOWNSHIP OF FREMONT.

1. **School district:** AUTHORITY OF PRESIDENT TO EMPLOY COUNSEL. The president of a school district township has no authority to employ counsel at the expense of the district, unless in a case brought by or against the district.

2. —— An appeal to the county or State superintendent to contest the correctness of an order of the board of directors respecting the location of a school-house, is not such a case.

*Appeal from Johnson District Court.*

TUESDAY, APRIL 29.

ACTION to recover $80 as attorney's fees for legal services rendered at the instance of the president of the defendant. There was a trial to the court, and the following are the find-

ings of fact and law : 1. There was a contest in the sub-districts of Fremont township as to the proper location of a school-house. The township board of directors made an order fixing the location. At this time Conway was president of the township board and was also a resident of the sub-district in which the location of the school-house, and a division of districts was made, and was favorable to the location and the division of districts, as ordered by the board. Huskins was also a resident of the sub-district, and being dissatisfied with the location, appealed from the order to the county superintendent. The appeal was dismissed for some reason, not apparent from the evidence, and another appeal was taken, a hearing had before the county superintendent, and from his decision an appeal was taken by Huskins to the State superintendent, where a trial was had.

2. Conway, as president of the board of township directors, employed the plaintiffs as attorneys to conduct the litigation, which they did, and their charges therefor are reasonable. There was no official action of the board in reference to employing counsel. Some members of the board unofficially assented to the employment and concurred therein.

3. The question is, were these proceedings such as to justify the president of the township board to employ attorneys so as to make a charge on the district township? In my opinion, these appeals were not suits brought by or against the district township, and they were not suits brought by or against any of the school officers, within the meaning of the law, and no charge can be made against the district township. It was merely an appeal from a decision of the board in which the district township had no such interest as to justify the employment of counsel.

There will be a judgment against the plaintiffs for costs. Judgment accordingly. The plaintiffs appeal.

*J. D. Templin & Son, pro se.*

*Clark & Haddeck* for the appellee.

Fleming v. Mershon.

COLE, J. — The only error assigned is upon the legal conclusion from the facts found. No question is made respecting the correctness of the facts found by the court and set out in the statement preceding this opinion. The provisions of the statute respecting the power of the president of the township board to employ counsel, etc., are as follows: "He (the president) shall appear in behalf of his district in all suits brought by or against the same; but when he is individually a party, this duty shall be performed by the secretary; and in all cases where suits may be instituted by or against any of the school officers, to enforce any of the provisions herein contained, counsel may be employed by the board of directors." Acts 1872, ch. 172, § 36 ; also School Laws of 1868, p. 33, § 52.

Conceding (but not deciding it) that the president has the power to employ counsel in all cases brought by or against the district township or its officers, involving its interests, we concur fully with the learned judge of the district court, that the proceeding in which the services sued for were rendered, was not a suit by or against the district township or any of its officers. It was simply an appeal from a decision made by the board of directors, and was, in no legal sense, a suit by or against the board or its officers. Although the State superintendent may have prescribed forms for appeals in such cases, whereby the district township is to be named as a party, yet this does not make the district township a party to a suit. It is simply a *form* of the proceeding, and does not operate to make the district township an adversary party. Further than this, such an appeal is not *a suit* within the meaning of the statute above quoted.

Affirmed.