## DISTRICT TOWNSHIP OF GROVE v. BOWMAN.

1. **County Treasurer:** IRREGULAR PAYMENT OF SCHOOL-FUNDS: LIA-
BILITY FOR. The fact that a county treasurer paid the funds of a dis-
trict township to its treasurer without any warrant drawn and counter-
signed by the officers of the township, as provided in section 1785 of the
Code, will not render him liable for a deficit in the accounts of the treas-
urer of the township which was not the proximate result of such irregu-
lar payment.

*Appeal from Pottawattamie District Court.*

SATURDAY, DECEMBER 11.

THE petition of plaintiff alleges in substance that for the
fiscal year 1878–9, and the two prior years, one Philip Roush
was the duly elected and qualified treasurer of the plaintiff;
that during said period the defendant, as treasurer of Potta-
wattamie county, without any order or warrant drawn upon
him by the auditor of said county, signed by the president
and countersigned by the secretary of plaintiff, and without
any warrant drawn by the president and countersigned by the
secretary of plaintiff, voluntarily paid over to said Roush the
sum of $3,597.14 of the moneys belonging to the plaintiff;
that Roush has failed to account for said money; that said
sum is largely in excess of his official bond; that had the
defendant paid out said money to Roush in the manner pro-
vided by law the board of directors of plaintiff would have
known of the amount of money coming into the hands of
Roush, and his official bond would have been increased to an
amount sufficient to have protected plaintiff. Judgment is
asked for the sum of $3,597.14.

The answer of the defendant alleges that plaintiff was no-
tified of each and every payment of money made by the
defendant to Roush; that in making said payments the de-
fendant notified the secretary of plaintiff of the date and
amount of each payment; that plaintiff had full knowl-

VOL. LV—9.

edge thereof, and charged the same on its secretary's books against Roush, and that if any loss has resulted it has occurred through the negligence of plaintiff.

The jury returned a general verdict for the defendant, and also answered certain special interrogatories submitted. Judgment was rendered for the defendant on the general verdict. The plaintiff appeals.

*Sapp, Lyman & Ament*, for the appellant.

*Robert Percival*, for the appellee.

DAY, J.—None of the evidence upon which the cause was tried is contained in the abstract. The court instructed the jury as follows: "The following facts are either conceded or clearly established by the evidence:

1. COUNTY treasurer: irregular payment of school funds: liability for.

"1st. That Philip Roush, at the time each one of the payments was made to him, was the treasurer of plaintiff.

"2d. That all the payments were made out of funds which plaintiff was entitled to have paid to its treasurer; and

"3d. That the irregularity of defendant in making the payments was in paying over the money to Roush without any warrant for such payments having been drawn on him by plaintiff's president, countersigned by its secretary. On this state of facts I am of opinion that plaintiff cannot recover. Your general verdict will, therefore, be for the defendant."

The special interrogatories and the answers thereto are as follows:

"1. How much of the school-fund belonging to the plaintiff did the defendant pay over to Philip Roush while he was treasurer of the plaintiff for which he had no warrant drawn upon him in favor of said Roush, signed by the president of the plaintiff and countersigned by the secretary?

"Ans. $11,688.75.

"2. How much of the school-fund of the plaintiff thus

paid over by the defendant to the said Philip Roush had said Roush failed to account for at the time he ceased to be treasurer of plaintiff?

"Ans.    $3,308.41.

"3.    How much of said amount has been paid or secured to said plaintiff since then by said Roush?

"Ans.    $462.99.

"4.    How much of said amount has been paid or secured to the said plaintiff since then by the sureties on the official bond of said Roush?

"Ans.    $2,000."

Section 1785 of the Code provides that "On the first day of each quarter the county treasurer shall give notice to the president of the school-board of each township in his county of the amount collected for each fund, and the president of each board shall draw his warrant, countersigned by the secretary, upon the county treasurer for such amount, who shall pay the amount of such taxes to the treasurers of the several school-boards only on such warrants."

If the payment by the defendant to plaintiff's treasurer, without the warrant above referred to, was the proximate cause of the loss to the plaintiff, the defendant should be made responsible for the loss.    If, upon the other hand, the payment to the plaintiff's treasurer without the warrant was not the proximate cause of the loss, then the defendant ought not to be held responsible, notwithstanding the irregularity in the manner of payment.

It was the duty of the board of directors of the plaintiff to require its treasurer to give bond in such sum as would secure it against loss.    Code, § 1731.    That this has not been done the petition admits, but the plaintiff seeks to excuse itself for a failure to perform this duty upon the ground that, as the money was paid over to its treasurer without warrant, it did not know the amount of money coming into the hands of the treasurer.    The board, however, had ample means of knowing the amount of school-fund to which

the plaintiff was entitled. See sections 1777, 1778, 1781 and 1782 of the Code.

The special findings show that $11,688.75 were paid over to the treasurer of plaintiff without any warrant. The plaintiff's treasurer properly accounted for $8,380.34 before he ceased to be treasurer. This amount must have been paid out in the ordinary way upon the order of the president of the board for the maintenance of the schools in the district.

In the nature of things, the board of directors of plaintiff must have known that this money came into the hands of the treasurer without any warrant being drawn therefor. They also must have known the amount to which the district was entitled. It was their duty, therefore, to exact from the treasurer a bond sufficient to protect the district from loss. Their failure to do this, in connection with the dishonesty of the plaintiff's treasurer, constituted the proximate cause of the loss. The defendant ought not to be held responsible, therefore, on account of the mere irregularity of making payment to the plaintiff's treasurer without warrant. In our opinion the instruction of the court is correct.

AFFIRMED.