CARTHAN V. LANG ET AL.

1. **School Districts:** SCHOOL-HOUSE: INFERIOR WORK: FRAUD: PAY-
   MENT: INJUNCTION.  Where school directors contract for the erection
   of a school-house of a certain quality of materials and work, and, either
   through collusion on their part with the contractor, or through their
   neglect of official duty, a house of inferior quality has been erected, and
   they are about to accept it and pay the contract price, equity will inter-
   fere, at the suit of a tax-payer, to restrain them from paying more for
   the house than it is reasonably worth, and will, upon the payment of
   such sum, discharge the district from all further liability under the con-
   tract.

2. **Injunction:** VIOLATION BEFORE FINAL HEARING: EFFECT ON ACTION.
   After a preliminary injunction has been granted restraining the pay-
   ment of money by public officers, the fact that payment is made in
   violation of the injunction, before the final hearing, does not affect the
   rights of the plaintiff on such hearing.

*Appeal from Allamakee Circuit Court.*

WEDNESDAY, JUNE 23.

ACTION in chancery to restrain defendants, who are direct-
ors of a school district, from paying for a school-house
erected under a contract made by them, and to annul the
contract, and for other relief to which plaintiff may be
entitled in equity.  There was a decree granting relief to
plaintiff.  Defendants appeal.

*S. S. Powers, J. O. Crosby* and *Noble & Updegraff*, for
appellants.

*H. H. Stillwell*, for appellee.

BECK, J.—I.  The petition alleges the following among
other matters.  The electors of the independent school-dis-
trict of Hardin voted a tax of $1,000 to build a
school-house.  The plaintiff is a resident and tax-
payer of the district.  The directors contracted
for the building of the school-house with one

1. SCHOOL dis-
tricts: school-
house : in-
ferior work :
fraud : pay-
ment: injunc-
tion.

Adams, the materials to be of the best quality, and the work to be done "in a substantial and workman-like manner," and agreed to pay him for the work and materials $800. It is alleged that the directors and Adams confederated together to defraud the district by the erection, by the contractor, of a house of a character inferior to the building required by the contract, and the acceptance and payment therefor by the directors. Other charges of fraud are made in the petition, which, in the view we take of the case, need not be here recited. By an amended petition it is shown that there has been a change of the directors of the district, and those who became directors after the original petition was filed, with those still holding office, together with Adams, are made defendants. It is alleged that the directors will, if not restrained, accept and pay for the house, though it is not built as provided for by the contract, and is of less value than it would have been if honestly constructed. It appears that a preliminary injunction, in accord with the prayer of the petition, was allowed.

II.  The evidence touching the character of the materials furnished and work done in constructing the house is conflicting. We are of the opinion that the preponderance of the evidence shows that the house falls far short of complying with the requirements of the contract. An attempt to set out or discuss the evidence would prove to be without profit. We do not think that the evidence shows fraudulent confederation and agreement between the directors and the contractor, further than may be inferred from the fact that, through neglect of duty, or by intention, the directors accepted or propose to accept the house and pay for it. We think it so lacks compliance with the contract that its acceptance should be regarded as a fraud against the district and the taxpayers, which demands relief in a court of equity. Surely, if the directors and contractors had agreed and confederated together to rob the district by building and accepting a house not complying with the contract, equity would inter-

Carthan v. Lang et al.

fere. So it will give relief if the same thing is done through the negligence of, or failure to perform, their duty by the directors. The contractor in that case would be guilty of an absolute fraud, and the failure of duty on the part of the directors would have the same effect as an actual fraud on their part, and is regarded as a fraud in law. Neglect of duty by an officer of a corporation, whereby the corporation may be defrauded, is a part of the fraudulent transaction, constituting an element of the fraud itself. The rule of equity which will set aside contracts for fraud may be applied with the most just and excellent effects to the protection of corporations from robberies committed by those who take advantage of the negligence or confidence of their officers. In the case before us, the extent of the defects in the building, and the failure of the contractor to comply with the terms of the contract, forbid the conclusion that the house was approved through error of judgment. It could have been approved only through negligence or failure of duty on the part of the directors.

III. It is alleged that, after the suit was commenced, Adams was paid for the work done, and discharged from obligation under the contract. If this be so, the rights of plaintiff cannot be affected thereby for the reason that it was done after the suit was brought and a preliminary injunction was allowed.

2. INJUNC-TION: violation before final hearing: effect on action.

The decree of the circuit court restrains the defendants, and their successors in office, from settling and paying for the house under the contract; but finds that the house is of the value of $550, and directs that the independent district shall be discharged of all liability by the payment of that sum. This provision of the decree is in accord with the prayer of the petition, and is correct. In our opinion, the decree ought to be

AFFIRMED.