W. S. SCOTT v. THE INDEPENDENT DISTRICT OF HARDIN, Appellant.

School Directors: Power to Pay Counsel: WHEN. Code, 1740, does not authorize school directors to pay, with public money, counsel fees or court expenses incurred in defending a fraud perpetrated by those directors upon the district.

Practice: HARMLESS ERROR. It is not prejudicial to strike out a count in an answer where all that could be proven under it is admissible under another count which remains.

*Appeal from Allamakee District Court.*—HON. L. O. HATCH, Judge.

FRIDAY, MAY 18, 1894.

ACTION on two school orders. Trial to court. Judgment for plaintiff, and defendant appeals.— *Reversed.*

*Stilwell & Stewart* for appellant.

*F. S. Burling* and *Reuben Noble* for appellee.

KINNE, J.—I. This action was brought upon two school orders,—one issued for fifty dollars, to C. C. Lang or bearer, and payable out of the contingent fund; and the other for sixty dollars, payable to L. M.

Powers or bearer, out of the contingent fund for steno-graphing. Plaintiff purchased them March 1, 1883. A demurrer was filed to the petition, which was over-ruled. Afterward, defendant filed its answer in four counts. The first count denies issuing or delivering the orders, and denies plaintiff's ownership of them. The second count sets out that in 1882 the electors of the district by vote decided to build a schoolhouse at a cost not to exceed one thousand dollars, and voted a tax therefor; that the directors let the contract, and began the construction of said house; that, at the suit of a taxpayer in said district, it was found that the directors had corruptly confederated together with the contractor to cheat and defraud said district; that the house was erected of poor material, and not in a workmanlike manner; that said suit was not against the district nor against the school officers to enforce any of the provisions of the school laws; that defendant, in a suit against said directors, recovered three hundred and twenty-five dollars judgment for money illegally appropriated and expended in the construction of said house, which judgment has never been set aside; that plaintiff had full knowledge of all these facts when he purchased said orders. In the third count it is pleaded that the Powers order is paid. In the fourth count it is said that in a suit in equity in March, 1884, said orders were declared null and void, and the treasurer enjoined from paying the same; that no appeal was taken from said decree, and it is in full force. A de-murrer was sustained to the fourth count of the peti-tion. Defendant filed an amendment to the answer, being count 5, in which it reaffirms all the statements of the second count, except a part which had been stricken out, and avers that, by reason of the facts stated, the orders are without consideration. This count was stricken out on motion. A jury was waived, and the cause tried to the court.

II.   There was no error in striking the fifth count. Every material fact pleaded therein might have been proven under the allegations contained in the second count.. The fifth count was a repetition, and a conclusion drawn from facts already fully pleaded.

III.   The real question in the case is as to the validity of orders issued for attorney's fees and stenographer's fees under the circumstances disclosed by this record.   By Code, section 1723, the directors are authorized to make all contracts, purchases, payments, and sales necessary to carry out any vote of the district.   By section 2836 of McClain's Code they may use contingent funds to insure the property of the district. By section 1727 the board must provide at least twenty-four weeks' school.   By section 1729 they are authorized to use unappropriated contingent fund to purchase records, dictionaries, maps, charts, and apparatus.   By section 1740 the president of the board is authorized to "appear in behalf of his district in all suits brought by or against the same,  *  *  *  and in all cases wherein suits may be instituted by or against any of the school officers to enforce any of the provisions herein contained, counsel may be employed by the board of directors."   By section 1748 it is provided that the money collected by district tax for the erection of schoolhouses, and for the payment of debts contracted for the same, shall be called the "schoolhouse fund;" and that designed for rent, fuel, repairs, and all other contingent expenses necessary for keeping the school in operation, the "contingent fund."

If the board of directors had power to issue the orders in suit, it must be found in the sections cited. Now, it is conceded that the fifty dollar order was issued for attorney's services in the case of *Carthan v. Lang*, 69 Iowa 384, 28 N. W. Rep. 650, and the other order was issued for services of a stenographer in the same case.   It becomes important,

then, to determine who were parties to that suit,
and its object. It was not a suit against the district,
and the question is, was it a suit "instituted by or
against any of the school officers," within the meaning
of section 1740 of the Code? The case in which these
orders were issued was brought by a taxpayer against
the directors of the district. That suit was to enjoin
them from accepting and paying for a schoolhouse be-
cause it was not being constructed in accordance with
the contract, and because the real contractors were the
directors themselves. In its decree in that case the
court found that the directors had unlawfully confeder-
ated together with Adams, the contractor, to cheat and
defraud the district by constructing a house out of in-
ferior material and in an unworkmanlike manner, and
also found that "defendants are guilty of the corrupt
and unlawful agreement and acts as charged in the
petition." The value of the house was found to be
five hundred and fifty dollars, being two hundred and
fifty dollars less than the contract price, and the de-
fendants and their successors were perpetually enjoined
from accepting and paying for said house under the con-
tract, and it was ordered that the district should be re-
leased on payment of five hundred and fifty dollars. On
appeal to this court, the action of the lower court was
affirmed, and in the opinion it is said: "We think it [the
house] so lacks compliance with the contract that its
acceptance should be regarded as a fraud against the
district and the taxpayers, which demands relief in a
court of equity." Now, bearing in mind the fact that this
suit was brought against the directors to restrain them
from doing an illegal act,—from consummating a fraud
upon the district,—and that these directors, if not active
parties to the fraud, were guilty of the grossest neglect
and carelessness in the performance of their duties,
does the law contemplate that they shall have power
to bind the district by issuing orders, to pay attorneys

and stenographers for services, not in defending a suit for the benefit of the district, but in defending acts of their own, which, when done, they knew were improper if not fraudulent, and about the impropriety of which there could be no question? We think not. To hold such orders legal is to offer a premium to incompetent or dishonest school directors to squander the funds under their control, and then, when called to an account, to further intrench themselves by hiring and paying attorneys out of the district funds, to aid in defending them. The law contemplates no such thing. It was designed that school directors, in the proper performance of their duties, should be provided with counsel in case of suits brought by or against them, but it was not designed that such officers should have the benefit of this statutory provision when a suit was brought against them by reason of their own corrupt or illegal acts, which, when done, were by them known to be such. By this construction of the law, directors who are honest in the performance of their duties, even though mistaken as to their powers, and so acting illegally, have power to employ counsel, at the expense of the district, in a case instituted against them as such officers, while directors who knowingly act illegally or corruptly, or knowingly disregard their duty, whereby an injury results to the district, are deprived of the benefit of this statutory provision. Other questions are raised which, in view of the conclusion we have reached, need not be discussed. For the reasons given, the judgment below is REVERSED.