RURAL INDEPENDENT SCHOOL DISTRICT OF EAGLE et al., Appellants, v. W. A. DALY et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Powers of Board—Employment
1 of Counsel. The board of directors of a school corporation has implied power in good faith to employ attorneys to defend against a proceeding for the dissolution of the district and to contract for a reasonable compensation for such services.

**SCHOOLS AND SCHOOL DISTRICTS:** Powers of Board—Employment
2 of County Attorney. School boards are under no mandatory duty to secure the services of the county attorney in litigation affecting the corporate affairs of the school districts, even though the statute (Sec. 5180, Code of 1924) does require such officers to give legal advice to such boards.

Headnote 1: 35 Cyc. p. 952. Headnote 2: 35 Cyc. p. 953.

*Appeal from Dubuque District Court.*—P. J. NELSON, Judge.

FEBRUARY 9, 1926.

ACTION at law, tried to the court, the jury having been waived, to recover money paid from the corporate funds of a consolidated independent school district by the officers of said district, under the authority of its board of directors, in payment of legal services rendered the school corporation at its instance and request. The opinion states the material facts. The trial court determined that the legal services in question were rendered for and on behalf of the school corporation under a lawful contract of employment, and that the defendant-officers of the school corporation were in the proper exercise of their official duties in drawing, signing, delivering, and paying the school warrants for said services. Judgment was entered, dismissing the petition at plaintiffs' costs. Plaintiffs appeal.—
*Affirmed.*

*Frantzen, Bonson & Gilloon,* for appellants.

*Kenline, Roedell, Hoffmann & Tierney,* for appellees.

DE GRAFF, C. J.—The defendants W. A. Daly, J. R. Mc-Mahon, and Peter Wolf were president, secretary, and treasurer, respectively, of the Consolidated Independent School District of Bankston, in Dubuque County, Iowa.

1. SCHOOLS AND SCHOOL DISTRICTS: powers of board: employment of counsel.

The plaintiff-appellants are school districts which, with the defendant Rural Independent School District of Bankston, originally formed the said consolidated independent district, and which were re-created upon the dissolution of the consolidated district.

The statute provides the method and manner of the apportionment of all assets and liabilities of a dissolved consolidated school district, and it is by virtue of rights thus created that the plaintiffs claim the benefit of the moneys in suit, alleged to have been expended without authority of law by the consoli-

dated district prior to its dissolution. Chapter 175, Acts of the Thirty-ninth General Assembly.

This action was commenced to recover personal judgment against the individual defendants in the sum of $513.98. This sum was paid by said defendants, as school officers, under authority of the board of directors, from the school funds of said consolidated independent district, and represented fees for services rendered by the law firm of Kenline, Roedell & Hoffmann, of Dubuque, under a contract of employment with said board.

The gist, of the action is to recover judgment against school officers who have disbursed money from school funds for an alleged unauthorized purpose, resulting in misappropriation.

The facts disclose that, during the years 1919 to 1922, inclusive, there existed in Dubuque County, Iowa, a corporation known as the Consolidated Independent School District of Bankston; that the defendant W. A. Daly was its duly elected and acting president and a member of the board of directors in said district; that the defendants J. R. McMahon and Peter Wolf were the duly elected and acting secretary and treasurer, respectively, of said board; that, in July, 1921, proceedings were instituted and prosecuted for the dissolution of said school corporation; that said corporation, acting through its board of directors, and in good faith, employed attorneys to represent and protect the interest of said corporation in such dissolution proceedings; that, as a result of a hearing and trial, the petition for dissolution was dismissed for a jurisdictional cause; that throughout this proceeding the board was represented by attorneys expressly employed by the board, and for such services a claim for $180 was filed, which was subsequently audited and allowed by said school corporation, acting through its board of directors; that thereafter, in September, 1921, another proceeding was instituted and prosecuted for the dissolution of said school corporation; that thereupon said corporation, acting through its board of directors, and in good faith, employed the same attorneys to represent and protect the interest of said corporation in such proceedings; that, as a result of a hearing and trial, the petition was again dismissed, and thereupon the petitioners appealed from said decision to the county board of

education; that, upon said appeal and hearing upon the merits, the petition was allowed; that for legal services rendered in the second proceeding there was a bill allowed and audited by the board of directors in favor of the attorneys in the sum of $333.98; that in the employment of said attorneys and the payment of said fees the board acted upon the advice of the county attorney and the county superintendent of schools for Dubuque County; that the defendant McMahon, in the performance of his duty as secretary, drew and countersigned two orders upon the school treasurer, Peter Wolf, for the payment of said bills, in conformity to the direction of authority of the board of directors; that the defendant Daly, as president of said board, signed the two orders, in conformity to the authority of said board; that said orders or warrants were paid in good faith by the school treasurer from the moneys of the said school corporation, upon presentation by the payee thereof. The foregoing constitute the material facts disclosed by the record in this case.

The plaintiffs question the right and authority of the board of directors to employ counsel to defend the school corporation in the dissolution proceedings, and to pay the attorneys so employed from the school funds of said corporation. Conceding, without determining, that the plaintiff school districts are the proper parties in interest to maintain this action, we inquire whether the defendant-officers are personally liable in the premises.

A school district is a corporation. It is a legal entity, with power to sue and be sued, to hold property, and to exercise all powers in all school matters pertaining to said corporation within its territory. Section 4123, Code of 1924. It elects its president, who must be a member of the board of directors. It elects from outside the board a secretary and a treasurer. Sections 4220 and 4222, Code of 1924. The affairs of each school corporation are conducted by a board of directors.

It is further provided that the president of the board of directors shall appear on behalf of his corporation in all actions brought by or against it, unless individually a party, in which case the duty devolves upon the secretary. Section 4304, Code of 1924.

"In all cases where actions may be instituted by or against

any school officer * * * the board may employ counsel, for which the school corporation shall be liable.'' Section 4245, Code of 1924.

It is apparent that the purpose of the statute supra is to enumerate one of the duties of the president, and to provide that a school board may employ counsel at the expense of the corporation, even in. an action brought against a school officer individually.

One of the duties of a county attorney prescribed by statute is to furnish, free of charge, legal advice to all school board and township officers when requested so to do by such

2. SCHOOLS AND SCHOOL DISTRICTS: powers of board: employment of county attorney.

board or officer. Chapter 232, Section 2, Acts of the Thirty-eighth General Assembly; Section 5180, Paragraph 7, Code of 1924. This provision simply defines one of the duties of a county attorney, but the law does not make it mandatory upon a school board or officer to employ the county attorney.

Counsel for appellant rely on *Templin & Son v. District Township of Fremont,* 36 Iowa 411; but in that case there was no official action of the board in reference to employing counsel.

It is the general rule that a municipal corporation which is authorized to contract and to sue or be sued may employ legal counsel, unless the statute expressly or by fair implication denies that right. In *Taylor County v. Standley,* 79 Iowa 666, it is said:

''We are of the opinion that the board of supervisors was authorized to employ counsel on behalf of the county by virtue of the general powers given them by statute to manage the affairs of the county, and that their right to do so, and to cause proceedings to be instituted in the name of the county, in cases of this kind, does not depend upon the consent of the county attorney, nor upon his willingness or ability to appear for the county.''

See, also, *Jordan & McCallum v. Osceola County,* 59 Iowa 388.

It may be observed, under the instant facts, that the president, the secretary, and the treasurer of a school board are ministerial officers, and are only authorized to act upon the order

of the board of directors.  *Harrison County v. Ogden,* 165 Iowa 325.

Our statute provides that:

"The board shall audit and allow all just claims against the corporation, and no order shall be drawn upon the treasury until the claim therefor has been audited and allowed."  Section 4239, Code of 1924.

This duty to audit and to allow claims cannot be delegated to any other person or officer.  *Heath v. Albrook,* 123 Iowa 559.

This appeal involves the right of a school corporation to employ the services of an attorney when its corporate right to exist is in jeopardy.  In such a case, must the authority to contract for legal services be found in the express terms of the statute, or is this power an incident to corporate existence, and relevant to the many powers directly granted by statute?  We are of the opinion that such authority impliedly exists, and under the circumstances of this case it would be unreasonable to deny such incidental and implied power to a corporation, taking into consideration its character and the interests involved. Discretion in this particular must be conceded, unless the charter of its being forbids, or the general scheme of its government provides for an attorney or legal officer, as to negative authority to employ others.  2 Dillon on Municipal Corporations (5th Ed.) 1243, Section 824.

In the instant case, the question whether the corporation should or should not be dissolved certainly pertained to the affairs of the school district.  It involved its very right to exist. Its interests were directly challenged.  It was proper on the part of the board of directors to see that there was a compliance with the law in all particulars.  They acted in good faith, and they deemed it necessary for the public good to employ legal talent.  We find nothing by way of negation in the statute. Furthermore, the proceeding for the dissolution of the school district is quasi judicial in character.  (Chapter 175, Acts of the Thirty-ninth General Assembly.)

Under the law, the matter was submitted to the county superintendent, and the petition for dissolution was to be allowed or disallowed only upon a hearing on its merits.  The statute contemplates that evidence shall be taken, witnesses

examined, and arguments made, to determine whether the interests of all parties shall be served by a submission of the question to the electors. Under such provisions, and having in mind the nature and purpose of a petition for dissolution of such a school corporation, we hold that the board may lawfully incur reasonable expense by the employment of legal counsel to represent the corporation upon the hearing. The trial court properly concluded that a school corporation was a creature of law, established for a definite purpose, and that through its lawfully constituted officers it may resist all attacks made upon it, either in the discharge of its legitimate functions or in its right to exist.

Other incidental questions are raised on this appeal, but the primary and determinative issue is the right of the corporation to employ counsel under the circumstances of this case. This question we have answered, and we deem it unnecessary to pass upon other matters incidental thereto.

In conclusion, however, it may be noted that the proximate cause in the case at bar is not the act of the officers in exercising a ministerial power, but it is the act of the school board in the exercise of a claimed right and corporate power. See *District Township of Grove v. Bowman*, 55 Iowa 129.

The judgment entered dismissing the petition of plaintiffs is—*Affirmed*.

STEVENS, FAVILLE, and VERMILION, JJ., concur.