L. A. ANDREW, State Superintendent of Banking, Appellee, v.
STUART SAVINGS BANK, Appellee; INDEPENDENT SCHOOL
DISTRICT OF BAILEY et al., Appellants.

SCHOOLS AND SCHOOL DISTRICTS:  Government—Deposits—Un-
1    official Action—Effect.  A deposit in a bank of the public funds of
     a school district is not a *legally authorized deposit,* within the
     meaning of Chapter 55-A1, Code of 1927, when made simply on the
     individual and unofficial written direction of the several members of
     the board of directors to the school treasurer to make such deposit,
     nor will such deposit be rendered legal by the fact (1) that the
     board of directors, after the deposit was made, had knowledge
     thereof, or (2) that interest was paid on said deposit.

NEW TRIAL:  Grounds—Newly Discovered Evidence—Evidence Bear-
2    ing on Non-issue.  New trial because of newly discovered evidence
     is properly denied when there is no issue to which the newly dis-
     covered evidence could apply.

Headnote 1:  35 Cyc. p. 979 (Anno.)   Headnote 2:  29 Cyc. p. 898.

Headnote 2:  20 R. C. L. pp. 290, 293.

*Appeal from Guthrie District Court.*—J. H. APPLEGATE, Judge.

OCTOBER 25, 1927.

Application by an independent school district for an order
requiring the superintendent of banking, who is the receiver of
a bank, to certify to the auditor of state and to the treasurer of
state the amount of public funds alleged to have been deposited
in said bank by said district, under Chapter 173 of the Acts of
the Forty-first General Assembly, as amended by Chapter 174 of
the Acts of the Forty-first General Assembly.  The court denied
the application, and the school district appeals.—*Affirmed.*

*F. O. Hinkson* and *Emmert & James,* for appellants.

*John Fletcher,* Attorney-general, and *Harry D. Byers,* for
appellee.

FAVILLE, J.—I.  The Stuart Savings Bank, of Stuart, Iowa,
was placed in the hands of the state superintendent of banking,

as receiver. At said time, the Independent School District of

1. SCHOOLS AND SCHOOL DISTRICTS: government: deposits: unofficial action: effect.

Bailey had deposited in said bank a certain sum of money. The appellant seeks to have said fund paid in full out of the state sinking fund, as provided in Chapter 173 of the Acts of the Forty-first General Assembly, which is commonly known as the Brookhart-Lovrien Act.

The first question in the case is whether or not the funds were deposited in compliance with the requirements of said act. In *Andrew v. Iowa Sav. Bank*, 203 Iowa 1089, we said:

"Said fund is made available, by the express terms of the statute, *only* 'when such deposits have been made by authority of and in conformity with the direction of the local governing council or board which is by law charged with the duty of selecting depository banks for said funds.'"

In said case we also said:

"The sinking fund from which this payment is sought to be made is, in a very proper sense, a trust fund. It is one created by legislative enactment, and set apart for the express purpose of protecting public funds lawfully deposited 'by authority of and in conformity with the direction of the local governing council or board.' All of the different public corporations enumerated by the statute that place their public funds in approved depositories are interested in the administration of this state sinking fund. No public corporation can participate in such sinking fund unless it has complied with the provisions of the statute permitting it to so participate. The interests involved are so widespread that the administration of said sinking fund should be strictly guarded, with meticulous care, as a trust fund. Unauthorized deposits cannot be allowed to remain in banks because their withdrawal 'might embarrass the bank,' and because participation in the state sinking fund is anticipated. The statute must be reasonably construed."

The question involved and the authorities in respect thereto are so ably set forth in the opinion of the learned trial court filed in this cause that we are constrained to incorporate the same at length in this opinion, as expressing the views of this court. Said opinion is as follows:

"The first sentence of Section 1 of Chapter 173 of the Forty-first General Assembly is as follows: 'There is hereby created in

the office of the treasurer of state a separate fund to be known as the state sinking fund for public deposits and the purpose of said fund shall be to secure the payment of their deposits to state, county, township, municipal and school corporations having public funds deposited in any bank in this state, when such deposits have been made by authority of and in conformity with the direction of the local governing council or board which is by law charged with the duty of selecting depository banks for said funds.' In this case, the question is, Was the deposit of these funds made 'by authority of and in compliance with' the direction of the school board of the Independent School District of Bailey? Another question is whether the school board, the members of which signed the resolution set out in this application, is 'charged with the duty of selecting depository banks for said funds,' as provided in said Chapter 173 of the Acts of the 41st General Assembly. Code Section 4319 provides for the deposit of school funds, and it is made the duty of the treasurer to deposit such funds in some bank, provided the bank gives bond, which bond shall be approved by the treasurer and the board of directors of the school corporation. But this does not reach the question in this case. Was the deposit made 'by authority of and in conformity with' the direction of the local governing board? In what way may the 'direction' of the local board be given? Is it necessary that such direction shall be given by formal action of the board, while in session as a school board, or may such direction be given by orders signed by individual members of the board? As I understand the record, there was no meeting, either regular or special, of the school board, at which the resolution in question in this case was passed or approved. The assent of the several members of the board to a proposition is not enough to bind the school corporation. *Herrington v. District Township*, 47 Iowa 11. This is, of course, with reference to a contract whereby the school corporation is obligated to pay out school funds. In *Forcum v. District of Montezuma*, 99 Iowa 435, 438, it is said: 'The doctrine is well settled in this state that individual directors of school districts cannot bind their districts by acts not authorized by the board, and we have held that an act of a majority of such directors when not assembled and acting as a board, will not bind the district.' *Herrington v. District Township*, 47 Iowa 11. The same doctrine is recognized in *Young v.*

*Black Hawk County,* 66 Iowa 460 (23 N. W. Rep. 923). In *Independent School District v. Wirtner,* 85 Iowa 387 (52 N. W. Rep. 243), it is said: 'It is a general rule that corporations act through their boards of directors, and that no corporate act can be done by the individual members of the board, unless authorized by law or by the charter of the corporation.' See, also, *Rice v. Plymouth County,* 43 Iowa 136. In *Hull v. Ind. Dist. Aplington,* 82 Iowa 686, 690, it is said: 'It has been held that the board of directors of an independent district may employ teachers by the directors' agreeing to the contract separately,—that is, not assembled as a board (*Athearn v. Ind. District,* 33 Iowa 105); and, if they thus contract entirely, they could, of course, by consenting to what was agreed upon between plaintiff and the president. It must, then, be taken for granted that the intention was that the consent necessary to make the contract of the president valid should be that of the members separately, and hence that it should not be of record.' See, also, *Ind. Dist. of Eden v. Rhodes,* 88 Iowa 570. School boards have no power except such as are conferred by legislative act, either expressly or by necessary implication, and doubtful claims of power are resolved against them. 24 R. C. L. 569; *Bopp v. Clark,* 165 Iowa 697. It is the general rule that a school board acts as a body, and for such purpose must be in session as a school board. 24 R. C. L. 576, Sec. 25. However, the statute under consideration is not to be construed as the power of the board to make contracts which are binding on the district are construed. Power to contract by which the district is bound, and by which a liability is created, is a different matter from a duty imposed by the performance of which the money or property of the district is preserved or protected from loss or waste. School funds are in the nature of trust funds, and do not belong to the district or to the officers of the school district, but to the public.

"By Section 7 of Chapter 173 of the 41st General Assembly, Section 4319 is amended to read as follows: 'It is hereby made the duty of the treasurer of each school corporation to deposit all funds in his hands as such treasurer in some bank or banks in the state, as directed by the board of directors of such school corporation, at interest at the rate of at least two and one-half per cent per annum on ninety per cent of the daily balances payable at the end of each month, all of which shall accrue to the

benefit of the general fund of such school corporation.' It will
be seen that school funds are to be deposited by the school treas-
urer in some bank or banks, 'as directed by the board of direc-
tors of such school corporation,' and the section is so amended as
that no bond is required of the bank for the protection of the
school funds. If, in making the direction as to the deposit of
school funds, the school board is required to take action as a
school board, it seems to me essential that the board be in session
as a school board. It is true that the requirement is not as in the
case of the deposit of county funds, where the board of super-
visors is required to select the depository bank and designate the
extent of the funds that may be deposited, and such matters
must be made of record. Code Section 7404. Nor is the re-
quirement such as is required by Section 5651, with reference to
the deposit of city or town funds, which is to be with the ap-
proval of the council, by resolution entered of record. However,
under Section 4319 of the Code, as amended by Section 7 of
Chapter 173 of the Acts of the General Assembly, the deposit of
the school funds by the school treasurer is to be under 'direction
of the board of directors of such school corporation,' which evi-
dently means that the said school board must take action in rela-
tion to such deposit. Under this section of the Code, as amended
by Chapter 173 of the Acts of the 41st General Assembly, it can
hardly be held that the school funds deposited by the school
treasurer of this school district were deposited in the Stuart
Savings Bank 'by authority of and in conformity with the direc-
tion of the local governing board which is by law charged with
the duty of selecting depository banks for said funds and fixing
the amount thereof,' where there is no action of the school board
of said school district. The action taken was that of the indi-
vidual members composing the school board. It seems to me
quite clear, under the holdings of our courts, as above indicated,
there was no action of the 'board of directors of such school cor-
poration,' and hence the deposit was not made in compliance
with the requirements of the law. This statute, Chapter 173 of
the Acts of the 41st General Assembly, has done away with the
provisions for bond in deposits of school funds, and the school
districts are now entirely dependent on the personal liability of
the treasurer under his bond, or dependent upon collecting funds
held in banks in the hands of receiver, under the provisions of

this sinking fund act. In order to take advantage of its provisions, it would seem that there should be a substantial compliance with the provisions of said act."

II. After the decision in said cause, the appellant filed a motion for a new trial, based upon newly discovered evidence relative to a claimed ratification of the act of ᾽the directors in

2. NEW TRIAL: grounds: newly discovered evidence: evidence bearing on non-issue.
depositing said funds in the bank, and based on the contention that, after the funds had been deposited in said bank, interest was paid by the bank on the same to the state sinking fund; and

also that, after such deposit, the board of directors of said corporation had knowledge and information of such deposit and acquiesced therein. There was no allegation in any pleading of either estoppel or ratification. The matters set out in the motion for a new trial did not constitute estoppel or ratification. The fact that the bank paid interest on the deposit to the state sinking fund did not make the deposit one authorized as the statute provides. Nor did the fact that the board of directors knew of the deposit constitute a ratification of the deposit in any such way as to bind the state to payment out of the sinking fund.

The court did not err in overruling the motion for a new trial. We find no error, and the order of the district court is— *Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.