**Lewis BISHOP and Ronald Thompson, Appellants,**

v.

**IOWA STATE BOARD OF PUBLIC INSTRUCTION, Iowa State Department of Public Instruction, and Valley Community School District, Appellees.**

No. 85–1616.

Supreme Court of Iowa.

Nov. 12, 1986.

James L. Sayre of Sayre & Gribble, P.C., Des Moines, for appellants.

Thomas J. Miller, Atty. Gen., Merle Wilna Fleming, Asst. Atty. Gen., and Allan J.

Carew of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for appellees.

Considered by HARRIS, P.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

McGIVERIN, Justice.

Lewis Bishop and Ronald Thompson petitioned for judicial review of the decision of the Iowa State Board of Public Instruction (BPI) authorizing the school board of the Valley Community School District (District) in its discretion to pay attorney's fees incurred by the District superintendent, Richard Burmeister, in proceedings before the Iowa professional teaching practices commission. The district court ruled the school board had the power to make such a payment and remanded the case to the BPI for the making of a record and a decision on whether the exercise of the power under these circumstances constituted an abuse of discretion. Upon consideration of the issue raised on the appeal, we affirm and remand this case to the BPI.

On March 31, 1983, the Valley Education Association, the teacher's "employee organization," Iowa Code section 20.3(4), for the Valley Community School District, filed a complaint with the Iowa professional teaching practices commission charging superintendent Burmeister with unprofessional practices. Iowa Code § 272A.6 (1983); see 640 Iowa Admin.Code ch. 3, 4. The complaint emanated from the temporary suspension by Burmeister of five teachers of the school district, resulting from a drinking incident, with the apparent knowledge and implied approval of the school board.

The school board of the District approved payment of Burmeister's attorney's fees incurred as a result of the professional teaching practices commission proceeding. Payment of this bill for $6,374.10 was approved generally on February 13, 1984.

On March 6, Bishop and Thompson (hereafter Bishop) filed a joint affidavit of appeal with the state board of public instruction, challenging the school board's pay-

ment of the legal expenses of Burmeister. Iowa Code § 290.1.

The school board by specific resolution on April 9 affirmed its approval of payment of Burmeister's legal expenses. Minutes of this meeting as well as the February 13, 1984, meeting, and a December 13, 1982, meeting of the school board were submitted to the BPI. Iowa Code § 290.2.

A panel of the BPI conducted a hearing on the appeal. Iowa Code § 290.5. The panel in its decision found that the school board had the authority to pay the legal fees of its superintendent incurred in a proceeding against him before the professional teaching practices commission. *See* Iowa Code § 290.3. This decision was approved by the BPI on review of the record. Iowa Code §§ 290.5; 257.10(4). The decision also noted the exercise of this power by the school board was not an abuse of discretion.

Bishop petitioned for judicial review in district court of the BPI's decision, asserting the decision was based on an error of law. Iowa Code § 17A.19(8)(e).

In ruling on the merits of the petition for judicial review, the court agreed with the BPI's construction of Iowa Code section 279.37, to the effect that the school board of a local school district has the authority to pay the legal expenses of an administrator for the defense of the administrator before the professional teaching practices commission. The court, however, ruled there was no adequate record on which to review the BPI's decision that the school board did not abuse its discretion in this exercise of power under section 279.37. The case was remanded to the BPI for the development of the record and a new determination on the issue of whether the school board abused its discretion in the present case. No appeal was taken from the remand ruling.

Petitioners appeal from a portion of the district court's ruling on judicial review, Iowa Code section 17A.20, contending the court erred in its construction of Iowa Code section 279.37 that the school board had authority to pay Burmeister's legal fees.

The BPI, on cross-appeal, challenges a determination that Bishop and Thompson have standing to bring this proceeding. We assume, without deciding, that petitioners have standing, and therefore do not discuss the issue raised in the cross-appeal. Our consideration concentrates on the appeal.

■ As a preliminary matter, we determine the district court's ruling is a final judgment for purposes of our review. Iowa Code § 17A.20; Iowa R.App.P. 1(a). In *Continental Telephone Co. v. Colton,* 348 N.W.2d 623, 625 (Iowa 1984), we stated, "The statute [Iowa Code § 17A.19(8)] contemplates that a final judgment may provide for remand to the agency for further proceedings." The fact the district court remanded this case to the agency for development of the record and a new determination of the abuse of discretion issue will not bar our review.

I. *Power of school board to pay administrator's legal expenses.* Bishop challenges the legality of the school board's decision to pay the attorney's fees incurred by Richard Burmeister, the District superintendent, in a proceeding before the Iowa professional teaching practices commission. Bishop argues the agency erred in its construction of Iowa Code section 279.37 (1983), which provides:

A school corporation may employ an attorney to represent the school corporation as necessary for the proper conduct of the legal affairs of the school corporation.

He claims the statute authorizes payment for legal expenses for the defense of the school corporation only, not its administrators. He also argues that doubtful claims of power, such as the one presented here, are to be resolved against the school board.

The BPI asserts rules of statutory construction and prior case law in support of its position that the school board has the authority to pay the attorney's fees incurred by the district superintendent. The BPI urges this court to defer to the agency's interpretation of the statute it adminis-

ters and to give consideration to the attorney general opinions on the subject. The BPI determined the phrase "as necessary" in section 279.37 created "a strong inference of broad discretion on the part of local boards of directors in making decisions to 'employ an attorney.'"

■ The only powers of a school district are those expressly granted or necessarily implied in the district's governing statutes. *McFarland v. Board of Education of Norwalk Community School District*, 277 N.W.2d 901, 906 (Iowa 1979); *see Barnett v. Durant Community School District*, 249 N.W.2d 626, 627 (Iowa 1977). The express language of Iowa Code section 279.37 allows payment of legal expenses of the school corporation, making no specific mention of school administrators.

In construing section 279.37, we look for guidance in the rules of statutory construction. Iowa Code § 4.6. According to those rules, we should consider the consequences of possible constructions. Iowa Code § 4.6(5). If we construe section 279.37 as Bishop argues, no school official would ever be entitled to payment of his legal fees even though they were incurred as a result of his carrying out his duties for the school district. This would effect a drastic change in our law.

Prior to 1981, section 279.37 provided as follows:

In all cases where actions may be instituted by or against any school officer to enforce any provision of law, the board may employ counsel, for which the school corporation shall be liable.

Iowa Code § 279.37 (1979). Under the language of that statute, we have allowed the payment of legal fees for school officials by a local school board to stand in various circumstances.

In *Scott v. Independent District*, 91 Iowa 156, 160, 59 N.W. 15, 16 (1894), we stated:

[S]chool directors, in the proper performance of their duties, should be provided with counsel in case of suits brought by or against them, but it was not designed that such officers should have the benefit of this statutory provision when a suit was brought against them by reason of their own corrupt or illegal acts.

The legal fees incurred in the dissolution of a consolidated school district were the focus in *Rural Independent School District v. Daly*, 201 Iowa 286, 207 N.W. 124 (1926). The district attempted to recover from former school officials the amount expended as legal fees for a challenge to the officials' decision to dissolve the district. *Id.* at 288–92, 207 N.W. at 125–26. We determined the officials were entitled to legal representation at the expense of the district; therefore, we did not require the former officials to repay the district.

In *Cowles v. Independent School District*, 204 Iowa 689, 216 N.W. 83 (1927), an attorney was hired by the president and a member of the school board to represent them concerning their actions in an employment dispute. We found the board had the authority to enforce its employment decision in its defense of a suit arising out of that action. *Id.* at 695–96, 216 N.W. at 85–86. We approved the retention of counsel at school district expense by the president and a school board member after reviewing the purpose of the underlying litigation against them.

■ A general rule which ties cases in this area of the law together is that legal representation should be provided by the school district to further a proper school purpose, irrespective of whether the school officials are named individually as defendants. *See generally* Annot., 75 A.L.R.2d 1339, 1345–47 (1961); 68 Am.Jur.2d *Schools* §§ 17–19 (1973). It is only if the legal representation is for the benefit principally or solely of the individual school board members or school officials that counsel should not be paid by the district. 68 Am.Jur.2d *Schools* § 19. These principles evolve from the construction of the statute to imply those powers necessary as an incident to the school board's express powers. Construction of the statute as Bishop suggests would work a drastic change in these well-settled principles.

■ The BPI has continued to imply the school board's power to pay legal expenses of an administrator in BPI proceedings since the amendment of the statute. As a general rule, we give deference to an administrative agency's interpretation of a statute that it administers. *Johnson v. Charles City Community Schools Board of Education*, 368 N.W.2d 74, 82 (Iowa), *cert. denied,* —— U.S. ——, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985); *West Des Moines Education Association v. Public Employment Relations Board*, 266 N.W.2d 118, 124–25 (Iowa 1978); Iowa Code § 4.6(6). Also, we stated in *Kent v. Polk County Board of Supervisors*, 391 N.W.2d 220, 223–24 (Iowa 1986):

> Although generally we give the ordinary meaning to the words in a statute, we will not permit the literal meaning to prevail over or frustrate the legislative intent.... A workable and practical construction must be given to the language.

The BPI looked to the language of section 279.37 in issuing its final decision in the present case. The BPI determined the "as necessary" language of section 279.37 gave the Valley school board broad discretion to "employ an attorney" for Burmeister's defense.

Construing section 279.37 to allow the school board to pay the legal expenses of its superintendent *for proper school purposes* also is in line with the principle that we will give respectful consideration to the opinion of the Iowa attorney general on the construction of a statute. *Unification Church v. Clay Central School District*, 253 N.W.2d 579, 581 (Iowa 1977). The attorney general issued an opinion on employment of legal counsel by a school board on behalf of its administrators in 1980, the year Iowa Code section 279.37 was amended. 1980 Op. Iowa Att'y Gen. 722. The opinion specifically stated "[a] school board has discretionary power *to employ legal counsel to represent a superintendent or principal before the Professional Teaching Practices Commission*" under the authority of Iowa Code section 279.37 (1979) and as amended by Senate File 426, Iowa Acts chapter 1084, 68 G.A. 352 (1980). The latter contains the language in section 279.37 that applies to the present case.

■ The attorney general determined it is within the discretion of the school board to employ counsel for an administrator when a complaint has been filed against him before the professional teaching practices commission. 1980 Op. Iowa Att'y Gen. 722. This discretion may be exercised when the superintendent is carrying out his official duties. 1936 Op. Iowa Att'y Gen. 373.

We adopt the conclusion of the attorney general on this issue. The result reached by the attorney general is in line with the agency's interpretation of the statutory provision. The consequences of construing section 279.37 as recommended by the BPI and the attorney general are reasonable and natural. We are to avoid "placing upon statutory language a strained, impractical or absurd construction." *Doe v. Ray*, 251 N.W.2d 496, 501 (Iowa 1977). That result could occur if the administrator, although carrying out school board desires, was left to defend all actions against him at his own expense.

Considering Iowa Code section 279.37 in light of these principles, we are persuaded that the legislature did not intend to preclude the employment of legal counsel for the benefit of school officials in its 1980 amendment. We believe the statutory language of section 279.37 necessarily implies the power of the school corporation to pay the attorney fees for a school official involved in a legal proceeding as a result of carrying out the policies and desires of the school corporation. A superintendent could not be expected to incur personal legal expenses in defending every challenge to his official actions by a disgruntled teacher or parent who may bring proceedings and name him individually as a defendant or respondent.

The superintendent is the alter ego and the executive director of the school board. A superintendent, to function for and on behalf of the school district, must be free

from the threat that his actions might offend someone and make him suffer in the form of legal expenses of defending proceedings. It is well within the school district's interests to incur those expenses itself.

■ In this case, Burmeister was impliedly carrying out the desires of the school corporation and its board in suspending the five teachers. It was for his official action on behalf of the school district that a complaint was filed against him with the professional teaching practices commission. The BPI interpreted section 279.37 to imply the power for the Valley school board to pay Burmeister's legal expenses. There is no error of law which requires a change from the agency's interpretation.

Therefore we affirm the district court's ruling that is the subject of the appeal.

II. *Disposition.* In summary, we (a) affirm the district court's ruling, upholding the agency's determination that a school board has discretionary authority to pay the legal expenses of its superintendent arising out of a challenge to his official actions; and (b) remand the case to the agency for evidence, findings and conclusions as to the validity of the school board's exercise of discretion in the present case.

AFFIRMED AND REMANDED.

All Justices concur except WOLLE, J., who dissents.

WOLLE, Justice (dissenting).

The majority opinion correctly draws from Iowa cases the fundamental principle that school districts have only those powers that are expressly granted or necessarily implied in Iowa statutes. I dissent because I conclude the result in this case violates that fundamental principle.

The facts are not in dispute. The school district's superintendent was charged with unprofessional conduct, and a hearing was held before the Iowa Professional Teaching Practices Commission. That commission, pursuant to Iowa Code chapter 272A, had the responsibility to investigate unprofessional practices of certificated school teachers and administrators, and it had the authority to hold a hearing and then "exonerate, warn or reprimand the member of the profession or ... recommend the holding of a certification suspension or revocation hearing by the state board of educational examiners." Iowa Code § 272A.6 (1983). Faced with the charge of unprofessional conduct, the superintendent employed an attorney who submitted a bill of $6,374.10 for defending him before the commission. The school board was not a party to the proceeding. After the hearing the superintendent was reprimanded for unprofessional conduct. The truly remarkable fact is that the school board then voluntarily paid the superintendent's $6,374.10 attorney fee.

Petitioners appealed that use of tax dollars by the school board to the Iowa State Board of Public Instruction (BPI). Following a hearing, BPI issued the final agency decision which the district court upheld in this judicial review proceeding. Both BPI and the district court construed Iowa Code section 279.37 (1983) to give the school board authority to pay the superintendent's legal fees. That statute, which we have not previously construed, provides:

A school corporation may employ an attorney to represent the school corporation as necessary for the proper conduct of the legal affairs of the school corporation.

I disagree with the majority's acceptance of that construction of this statute.

The BPI's final agency decision emphasized the "as necessary" language in the statute, stating:

The phrase "as necessary" creates a strong inference of broad discretion on the part of local boards of directors in making decisions to "employ an attorney."

The BPI did not explain, however, what evidence established that this school board employed this attorney and that the attorney's services were somehow necessary for the proper conduct of this school board's legal affairs. This record discloses no such evidence. At risk in the proceeding before

the Professional Teaching Practices Commission was the personal professional certificate of the superintendent. That was not, in my view, a legal affair of the school corporation.

We must consider all parts of the statute together, without attributing undue importance to any single or isolated portion. *Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 283 (Iowa 1983). The first portion of this statute, not explained by the BPI in its decision, is plainly contrary to the BPI's construction. This school board did not employ the attorney whose fee it paid. The superintendent employed the attorney. Additionally, the attorney did not represent the school board, which was not a party in the proceeding. The attorney represented the superintendent and only the superintendent. Section 279.37 did not expressly or by necessary implication give the board the power to pay the fee bill submitted by the attorney who the superintendent employed to represent him.

I have no quarrel with the abstract rules of statutory construction set forth with supporting authorities in the majority opinion. Such rules can be useful, particularly when a statute is ambiguous, as we search for "the manifest intent of the general assembly." Iowa Code § 4.1 (1983). But this statute is not ambiguous. We need not look to, or defer to, the interpretations of the agency or the attorney general in arriving at the intent of the legislature. The somewhat similar statute in effect prior to 1981, relied upon by the attorney general and the majority opinion, is of little value because it specifically referred to actions "instituted by or against any school officer" and the present statute does not. *See* Iowa Code § 279.37 (1979).

I find nothing reasonable and natural about the construction which the attorney general, the BPI, the district court, and the majority opinion place on this unambiguous statutory provision. Why should the taxpayers in this school district and in the State of Iowa pay attorney fees incurred solely to protect a certificated school administrator or teacher from disciplinary ac-

tion based on unprofessional conduct? This case, in my view, has produced the kind of strained, impractical and absurd construction we previously have decried. *Doe v. Ray,* 251 N.W.2d 496, 501 (Iowa 1977).

In *Andrew v. Stuart Savings Bank,* 204 Iowa 570, 215 N.W. 807 (1927), we declared:

School boards have no powers except such as are conferred by legislative act, either expressly or by necessary implication, and *doubtful claims of power* are resolved against them.... School funds are in the nature of *trust funds,* and do not belong to the district or to the offices of the school district, but to the public.

*Id.* at 573, 215 N.W. at 808–09 (emphasis added). At best, the school board's claim of statutory authority to pay the superintendent's attorney is "doubtful" and to be resolved against the board. At worst, the board's payment amounts to a breach of the public trust.

I would reverse the judicial review decision of the district court and direct the BPI to rule that the school board had no authority to pay the fee bill submitted by the superintendent's attorney.